### BUD BELT v. THE STATE.

No. 2762.   Decided February 10, 1904.

**1.—Local Option—Different Sales.**

Where the witness for the State testified to a sale of liquor in a local option territory, which occurred after the time alleged in the information and on another and different occasion, and there was no testimony in the case showing system under which the sale then under consideration was made to show criminal intent, or that such testimony was res gestæ, it should have been excluded.

**2.—Charge of the Court—System—Other Violations.**

Where there was no testimony showing system, on the trial of defendant for violation of the local option law, but simply straight sales for money by him to various parties at different times, it was error to instruct the jury on the law of system with reference to such other sales than that alleged.

**3.—Evidence—Character of Witness.**

There was no error in excluding testimony which did not attack the character of witness for truth and veracity, in order to impeach him.

Appeal from the County Court of Collin. Tried below before Hon. F. E. Wilcox.

Appeal from a conviction for violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Abernathy & Abernathy* and *Abernathy & Mangum,* for appellant.— On proposition of other sales: Walker v. State, 72 S. W. Rep., 401; Grimes v. State, Id., 862; Walker v. State, Id., 861. On proposition of charge of the court on system: Santee v. State, 37 S. W. Rep., 436.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in jail.

The second bill of exceptions states that the State was permitted to prove by Charley Mann that while defendant was running a boarding house on the northeast corner of the square in Farmersville, he sold to

Mann one pint of whisky for 75 cents, and that defendant delivered this whisky to Mann back of Holsenbach's store, which was on the east side of the square and near where defendant was running the boarding house. It appears from the bill that this sale took place after the offense charged in this case and at another and different time. There is no pretense on the part of the State that there was any testimony as to a system under which the sale was made in the case now under consideration, nor that the sale testified by the witness Mann was a part of the res gestæ or served in any way to show the criminal intent of defendant. Unless it is so shown such testimony is not admissible. And bill number 3 complains of similar testimony.

Appellant excepted to the following portion of the court's charge as on the weight of the evidence: "You are instructed you can not convict defendant for any other sale than the one alleged to have been made to prosecuting witness Wilcoxson; and such other sales, if any, can only be considered by the jury as a circumstance to show the system under which defendant was acting at the time." This charge is erroneous in view of what has been said before. There being no evidence in this record to show any particular system, simply straight sales for money by defendant to various parties could not constitute a system, but would merely evidence a wanton continuing violation of law. If the evidence had shown that defendant made a sale by some device and peculiar manner, and it became an issue as to whether or not said acts were a sale, then similar acts evidencing and showing a sale might be admissible on the ground of system. But where there is no question, as this record shows, but that the sale was made to Wilcoxson, the fact that he sold whisky to other parties at other and different times could serve but to prejudice the jury against defendant, and in the nature of things would not demonstrate that he sold the whisky to prosecuting witness.

Bill number 4 complains that the court erred in excluding testimony by witness Carver and others tending to show the general bad character of prosecuting witness Wilcoxson. State's counsel objected that was not the proper way to impeach the witness. The bill further shows that said witness would have testified that they were acquainted with the general reputation of Wilcoxson in the community in which he lived, and that the general reputation of Wilcoxson in the community in which he lived was that of general bad character. The court did not err in excluding this testimony. The only character pertaining to any issue in this case was the general bad character for truth and veracity.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*