**Roy SALAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45854.

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 13, 1972.

———◆———

Sam A. Maida, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert N. Burdette, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. The record reflects that on June 28, 1968, appellant was convicted for the offense of burglary with intent to commit theft, on his plea of guilty. Punishment was assessed at four years' imprisonment and appellant was placed on probation. One of the terms and conditions of probation was that he "commit no offense against the laws of this or any other State or the United States."

On October 7, 1971, a motion to revoke probation was filed alleging that the appel-

lant violated this condition of his probation. A hearing was held on the motion to revoke on October 15, 1971, and the court found that appellant had violated his probation in that "on the 23rd day of June, A.D.1971, the defendant did commit the offense of burglary of a boxcar in Harris County, Texas." Appellant was sentenced to a term of not less than two nor more than four years in the Texas Department of Corrections.

■ Appellant cites three complaints wherein he states the trial court abused its discretion. He first complains that the evidence is not sufficient to sustain a finding that he violated any condition of his probation. However, this contention is made in the absence of any reference to facts or citation of authority to support it. On June 23, 1971, appellant and other persons were observed by Houston police officers unloading packages of Hormel meat from a pickup and carrying these packages into a house. On that same day, Hormel frozen meat had been taken, without permission, from a boxcar in Harris County, Texas. The evidence is sufficient to sustain the court's finding. Appellant, being found in unexplained possession of property identified as being recently stolen gives rise to a presumption of the taking. Johnson v. State, 476 S.W.2d 324 (Tex.Cr.App.1972); 5 Branch 2d 96, § 2650.

Appellant next complains of certain statements by appellant which were overheard by police officers immediately prior to appellant's arrest. The record reflects that the police officers, after observing appellant and other persons carrying the packages into a house, followed the persons into the house without making their presence known. One of the officers testified that, from a screen porch, he overheard appellant and the other persons "discussing quality and price of some meat." At that point in the hearing, the defense counsel objected to such testimony, alleging that appellant was under arrest at the time such statements were made. Apparently, defense counsel attempted to exclude the statement on the theory that it was obtained as a result of an illegal custodial interrogation.

■ However, on appeal, we now discover that appellant urges us to find the admission of the statement to be reversible error, in that it was obtained as the result of an illegal search, in violation of appellant's Fourth Amendment rights. No such objection was made at the trial. Since complaint raised by appellant in his brief on appeal was not raised in the trial court, and no opportunity was presented for the trial court to rule thereon, no question is presented for review. Valdez v. State, 472 S.W.2d 754 (Tex.Cr.App.1971); Hinkle v. State, 442 S.W.2d 728 (Tex.Cr.App.1969); Cedillo v. State, 165 Tex.Cr.R. 371, 307 S.W.2d 267 (1957).

In his last complaint, appellant contends the court erred "in overruling the defendant's objection to any testimony about a picture with the defendant being present in that picture." One of the police officers testified that a photograph was observed on the dash of the pickup truck from which the meat was unloaded, the appellant being one of the persons in the picture. Such testimony was obviously intended to further implicate appellant as an active participant in the commission of the crime.

■ Although appellant's brief states the court "erred in overruling the defendant's objection to any testimony" about the picture, we note that when the officer first testified concerning the picture, no objection by defense counsel was made. Only after extensive testimony by the officer was any objection made to the testimony relating to the photograph, and that objection was made on re-cross of the officer. Therefore, the objection came too late to preserve error, if any. Crestfield v. State, 471 S.W.2d 50 (Tex.Cr.App.1971) cert. denied, 406 U.S. 917, 92 S.Ct. 1764, 32 L.Ed. 2d 115 (1972); Webb v. State, 480 S.W.2d 398 (Tex.Cr.App.1972); Sierra v. State, 482 S.W.2d 259 (Tex.Cr.App.1972).

We find no abuse of discretion. The judgment is affirmed.