Bob BLACK, Appellant,

v.

The STATE of Texas, Appellee.

No. 48417.

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

**570**

William B. Portis, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Warren White, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appellant was convicted before the court sitting without a jury, of the offense of receiving and concealing stolen property. Punishment was assessed at four years' confinement in the Texas Department of Corrections.

Appellant advances three grounds of error on this appeal; however, in view of our disposition of the second of these, no others will be discussed.

Appellant's second ground of error urges that he was improperly convicted because the testimony of an accomplice witness was not sufficiently corroborated.

The accomplice, Leo Pate, who at the time of this trial was serving time in the Texas Department of Corrections in connection with an unrelated offense, testified that on the afternoon of January 9, 1971, he met the appellant at a lounge in Houston. Pate stated that he and appellant discussed prices of some Ford tractors, and that appellant offered him $2,000 to steal the tractors and deliver them to a certain location. Pate and another took a truck to the location of the tractors and connected it to the trailer on which the tractors were stored. Pate then returned to the lounge and accompanied appellant back to the location of the tractors, at which time appellant gave Pate and the driver of the truck directions as to where the tractors should be taken.

The tractors were delivered to a small tract of land north of Houston, and were unloaded there. At that time, appellant gave Pate $400. Pate testified that he met appellant at the lounge the next day and that appellant then gave him the remaining $1,600. He also stated that he never had any other dealings with appellant and that to the best of his recollection the tractors he had stolen were blue-colored Fords.

Prior to calling Pate, the State called as a witness Paul Kirk. Kirk testified that he was in the delivery and storage business, and that on January 9, 1971, he had in his custody, five English-made Ford tractors belonging to a Beaumont tractor company. He stated that one of the tractors was a Ford model 3000; that the serial number of this vehicle was B–871283; and that all the tractors were stored on a flatbed trailer. Kirk then testified that sometime during the evening of January 9, or the morning of January 10, 1971, the tractors were stolen.

The State then called Richard Simmons who testified that he knew the appellant, and that during the " . . . middle part of January, on toward the latter part of January . . . " of 1971, he bought two Ford 3000 tractors, which he thought were English-made, from the appellant. Simmons stated that appellant had five of these tractors, that they all appeared to be the same make and model, and that they were located on a small farm north of Houston. He stated that he paid appellant a total of $2,500 for both the tractors; that this was a fair and equitable price; that he subsequently sold each of them for $1,400–$1,450 each; and that he never had any reason to believe the tractors were stolen.

Glen Turner, called by the State, testified that in the middle or latter part of January, 1971, he purchased from Simmons a Ford 3000 tractor. He was uncertain about where the tractor was made, answering in response to a question of whether the tractor was British: "Whether it was ·British or not I couldn't tell you. Mostly is was blue." He stated that this was the only Ford 3000 tractor he ever received from Simmons, and that he "understood" that the police picked it up in the late summer of 1971.

The State then called Texas Ranger Bob Elder who testified that on August 24, 1971, he located on Turner's property a Ford 3000 tractor, serial number B–871283,

which was reported as stolen, and that he took possession of it. The State then rested its case. The appellant called no witnesses and did not testify.

Art. 38.14, Vernon's Ann.C.C.P., provides that: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

■   The test for determining the sufficiency of this required corroboration is to eliminate the evidence given by the accomplice from consideration, and then to ascertain whether there is other evidence of an incriminating nature which tends to connect the accused with the commission of the offense. See Reynolds v. State, 489 S.W.2d 866 (Tex.Cr.App.1972) and cases there cited.

■■   The corroborative evidence need not be sufficient in and of itself to establish guilt, neither must it be such as to directly link the accused to a crime. The corroborative evidence will be sufficient if its cumulative weight is such that it tends to connect the accused with the offense. See Runkle v. State, 484 S.W.2d 912 (Tex.Cr.App.1972).

This appellant is charged with a violation of Art. 1430, Vernon's Ann.P.C., providing that:

"Whoever shall receive and conceal property which has been acquired by another in such manner as that the acquisition comes within the meaning of the term theft, *knowing the same to have been so acquired,* shall be punished in the same manner as if he had stolen the property." (Emphasis added)

■   In prosecutions for receiving and concealing stolen property, the thief must be corroborated both as to the theft and that the accused received the property from him knowing that it was stolen. See

Minton v. State, 468 S.W.2d 426 (Tex.Cr. App.1971) and cases there cited.

The testimony of Kirk corroborated Pate on the question of whether the theft occurred, and it is not disputed that appellant had possession, in the middle or latter part of January, 1971, of at least one of the stolen tractors—a Ford 3000, serial number B–871283. The question before us relates to appellant's knowledge that the tractor was stolen.

Eliminating the testimony of the accomplice witness Pate, the evidence is the following: (1) Five English-made Ford tractors were stolen from Kirk on the night of January 9, 1971. One of these was a 3000 model, serial number B–871283. (2) In the middle or latter part of January, 1971, Simmons purchased two Ford 3000 tractors from appellant. At that time, appellant had five such tractors in his possession. (3) In the middle or latter part of January, 1971, Turner obtained a Ford 3000 tractor from Simmons. In the late summer, someone, presumably the police, removed that tractor from his land. (4) On August 24, 1971, Ranger Elder took from Turner's property a Ford 3000 tractor, serial number B–871283.

The mere fact that appellant had possession of recently stolen property is not sufficient to show knowledge on his part that it was acquired by theft. See Minton v. State, supra, and cases there cited, and Hall v. State, 373 S.W.2d 252 (Tex.Cr.App.1963).

The State contends that additional testimony given by Simmons shows an extraneous offense, and is circumstantial evidence of guilty knowledge on appellant's part. The testimony in question occurred on redirect examination, when Simmons stated that he had purchased a total of four tractors from appellant, and that the ones remaining in his possession had been "picked up." He was told that they were stolen. However, a reading of all of Simmons' testimony indicates that his subsequent purchase may have been of two more of the original five tractors. Neither side developed the matter in more detail.

The testimony shows at most that at some time Simmons purchased two more tractors from appellant for approximately the same price, which may or may not have been two of the tractors stolen from Kirk. This is insufficient to show knowledge and intent.

The only evidence linking appellant to the crime is his possession of the tractors which, as noted, does not show guilty knowledge on his part of the theft. The bare fact of possession is insufficient to prove the appellant guilty of receiving and concealing stolen property knowing the same to have been stolen.

The judgment is reversed and the cause remanded.