James Frank SHANNON, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 54806.

Court of Criminal Appeals of Texas, Panel No. 2.

June 21, 1978.

Appellant's Motion for Rehearing En Banc Denied July 19, 1978.

Kerry P. Fitzgerald, Dallas, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, J. R. Molina and Ronald G. Knight, Asst. Dist. Attys., Fort Worth, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for murder; the punishment is imprisonment for fifty years.

Appellant contends that there is insufficient corroboration of the testimony of the accomplice witness and therefore there is not sufficient evidence to sustain the conviction. He also contends that the State

failed to establish the corpus delicti of the crime of murder and was erroneously permitted to introduce inflammatory photographs and evidence of an extraneous offense. Finally, he contends that evidence of the bad reputation of the accomplice witness was erroneously excluded.

Robert Evans testified that at about 9:30 a. m. on February 15, 1976, he went to 2203 Burney Road in Arlington after receiving a telephoned invitation from appellant. After Evans arrived at the house, he and appellant began smoking marihuana and drinking beer. At 10:30 a. m., Herschel Stevens drove up and parked in front of the garage. Appellant walked outside, pulled a pistol from his belt, and shot Stevens in the chest. Stevens turned and ran up the driveway toward the road, and appellant fired two more shots at him. Stevens fell as he reached the road and at that moment Evans saw a white van drive past the driveway. Evans and appellant were carrying Stevens' body back to his car when another car drove into the driveway; they laid the body beside Stevens' car, and appellant went over to talk to the driver. After this car left, Evans and appellant placed the body in the trunk of Stevens' car. Then, as Evans followed in his truck, appellant drove Stevens' car to a gravel pit near Lewisville. Appellant poured gasoline over the car and Stevens' body and set them on fire. Evans and appellant then left in Evans' truck. Evans identified a photograph as being a picture of Herschel Stevens.

Randy Allen testified that on February 15, 1976, at 10:30 a. m., he was driving his white van west on Burney Road on his way to a gas station. As he approached a house on the right side of the road, he saw three white men standing in the driveway. As Allen watched, one of the men started running toward the road holding out his hand. The man reached the road as Allen came even with the driveway, and Allen could see that the man, who had long red hair, was covered with blood. As Allen passed by, the man fell beside the mailbox. Before he lost sight of the scene, Allen saw the other two men approach the fallen man. After he completed his business at the gas station, Allen returned to the scene. The three men were gone, but there was blood beside the mailbox. Soon thereafter, Allen called the police. At the trial, Allen identified a photograph of the house at 2203 Burney Road as the house where he observed the three men. He also identified the photograph of Herschel Stevens as the man he saw fall.

Robert Moore testified that on the morning of February 15, 1976, he was in the front yard of his house at 2220 Burney Road. At 10:30 a. m., he heard three gunshots, and heard one of the bullets pass near him. Believing the shots came from a house two hundred yards east of his on Burney Road, Moore immediately drove to the house. He identified a photograph of the house at 2203 Burney Road as the house to which he drove. Moore drove into the driveway and stopped by the gate. He saw a car parked in front of the garage and two men walking around. One of the men, whom Moore identified as the appellant, walked up to Moore's car and, in answer to Moore's question, denied having fired any shots. As Moore and appellant were talking, Moore saw a body lying beside the parked car and covered with blood. With that, Moore quickly disengaged himself from the conversation with appellant and drove away. As he watched in his rear view mirror, appellant and the other man picked up the body. Moore called the sheriff when he reached his house.

Edward Yauger, a Tarrant County deputy sheriff, testified that he and an Arlington police officer were the first officers to arrive at 2203 Burney Road. In the course of their investigation of the premises, they found several spots of blood, including a large amount of blood by the mailbox. Inside the house, the officers found .38 caliber shells and open beer cans, and smelled the odor of marihuana.

Dan Cobb, a Lewisville police officer, testified that he was called to a gravel pit at approximately 12:15 p. m. on February 15, 1976. Already present was a unit of the fire department which had just extinguished a fire that burned a car. Cobb

discovered a severely burned body in the trunk of the car. A watch found on the body had stopped at 11:58.

Dr. Glen Norman, a Fort Worth dentist, testified that he had a patient named Herschel Stevens. He supplied Stevens' dental records to the Dallas County medical examiner.

Dr. John Graham, assistant medical examiner for Dallas County, testified that the body found in the trunk of the burning automobile was identified by the use of Dr. Norman's dental records as Herschel Stevens. The autopsy performed on the body revealed that Stevens died as a result of a gunshot through the heart. There was no evidence of smoke inhalation. Although the body was badly charred, red pubic hairs were visible.

■ The trial court correctly instructed the jury that Evans was an accomplice witness as a matter of law. A conviction cannot be had upon the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. Art. 38.14, V.A.C.C.P. The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness, and then to examine the evidence of the other witnesses to ascertain if it is of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not. *Brown v. State*, 561 S.W.2d 484 (Tex.Cr.App.1978); *Caraway v. State*, 550 S.W.2d 699 (Tex.Cr. App.1977); *Etheredge v. State*, 542 S.W.2d 148 (Tex.Cr.App.1976); *Reynolds v. State*, 489 S.W.2d 866 (Tex.Cr.App.1972). The corroborative testimony need not directly link the accused to the crime or be sufficient in itself to establish guilt. *Lyman v. State*, 540 S.W.2d 711 (Tex.Cr.App.1976); *Bentley v. State*, 520 S.W.2d 390 (Tex.Cr.App.1975); *Black v. State*, 513 S.W.2d 569 (Tex.Cr.App. 1974); *Cherb v. State*, 472 S.W.2d 273 (Tex. Cr.App.1971). The corroboration need only

make the accomplice's testimony more likely than not. *James v. State*, 538 S.W.2d 414 (Tex.Cr.App.1976); *Bentley v. State*, supra; *Warren v. State*, 514 S.W.2d 458 (Tex.Cr. App.1974).

■ Appellant argues that the evidence is insufficient since there is no direct evidence, other than the testimony of the accomplice witness, that appellant fired any gunshots or that the body seen by Allen and Moore at the house on Burney Road was the same body found in the trunk of the burning car. However, it is not necessary that the accomplice be corroborated on all his testimony. *Edwards v. State*, 427 S.W.2d 629 (Tex.Cr.App.1968); *White v. State*, 129 Tex.Cr.R. 59, 84 S.W.2d 465 (Tex. Cr.App.1935). Proof that the accused was at or near the scene of the crime at or about the time of its commission is admissible in corroboration of the testimony of the accomplice, and may tend to connect the accused with the commission of the crime, so as to provide sufficient corroboration to support a conviction, when coupled with suspicious circumstances. *Cawley v. State*, 166 Tex.Cr.R. 37, 310 S.W.2d 340 (1957); *Edwards v. State*, supra.

■ The testimony of Allen and Moore establishes that appellant was present at an address from which gunshots were heard and a red-haired man, covered with blood, was running. While standing near the body of this man, appellant denied any knowledge of the gunshots. He was then seen picking up the body. The body of a red-haired man, identified as Herschel Stevens, was subsequently discovered in the trunk of a burning car, dead from a gunshot wound. We hold that the testimony of the State's witnesses, excluding that of the accomplice Evans, is of incriminating character which tends to connect appellant with the commission of the charged offense. It is, therefore, sufficient corroboration of Evans' testimony.

Appellant contends that the State failed to prove the identity of the deceased or the cause of death. Therefore, appellant argues, the State failed to establish the cor-

pus delicti of the crime of murder. We disagree.

It has been held that there are two elements of corpus delicti in a murder case: (1) the body of the deceased must be found and identified; and (2) the death of the deceased must be shown to have been caused by the criminal act of another. The third element which must be shown to sustain a murder conviction, but which is not properly a part of the corpus delicti, is that the accused must be shown to have been the guilty agent connected with the criminal act. *Easley v. State*, 564 S.W.2d 742 (Tex. Cr.App.1978); *Self v. State*, 513 S.W.2d 832 (Tex.Cr.App.1974). As in *Easley*, we need not discuss the effect, if any, the new Penal Code has on the first element of corpus delicti, because the body of Herschel Stevens was found and identified.

Stevens' body was found, severely burned, in the locked trunk of an automobile found burning in a gravel pit. An autopsy revealed that the cause of death was a gunshot through the heart. There was no evidence of smoke inhalation. This evidence indicates that Stevens' death was due to criminal means. We hold that the circumstantial evidence presented by the State is sufficient to establish the corpus delicti in this case.

Appellant contends that the trial court erred in permitting the introduction into evidence of two photographs of Stevens' body in the trunk of the burned automobile. The photographs corroborated part of the accomplice witness' testimony; they were relevant, and a verbal description of their contents was admissible. The photographs were properly admitted. *Knoppa v. State*, 505 S.W.2d 802 (Tex.Cr.App.1974); *Martin v. State*, 475 S.W.2d 265 (Tex.Cr. App.1972).

Appellant contends that the trial court committed fundamental error when it permitted the accomplice witness to testify to an extraneous offense immaterial to the charged offense. This contention is directed to the following passage in the record:

"Q. What was your basis for your—in what way did you know Mr. Shannon or Castro over here and Herschel Stevens, the deceased?

"A. Through dope dealings.

"Q. All right. Did you purchase illegal drugs from them?

"A. Yes, sir, marijuana.

"MR. McSHANE: We're going to object to anything that he did with the deceased.

"THE COURT: The deceased?

"MR. McSHANE: Yes, sir.

"THE COURT: Overruled."

The prosecutor went on to ask the witness several more questions with regard to marihuana purchases by the witness from both appellant and the deceased.

The objection voiced by appellant at the trial is general, and does not comport with the contention he now makes on appeal; nothing is presented for review. *Campbell v. State*, 521 S.W.2d 636 (Tex.Cr. App.1975); *Hulin v. State*, 438 S.W.2d 551 (Tex.Cr.App.1969); *Spencer v. State*, 438 S.W.2d 109 (Tex.Cr.App.1969). We do not agree with appellant's assertion that the testimony was so prejudicial and inflammatory that it warrants a reversal despite the want of a proper objection.

In his final ground of error, appellant contends that the trial court erred in excluding testimony as to the bad reputation of the accomplice witness for being a peaceful and law-abiding citizen. Outside the presence of the jury, appellant made the following oral motion:

"MR. McSHANE: All right, now comes James Frank Shannon, the defendant in this case, and would respectfully state to the Court that the issue of Robert Evans being a peaceful and law-abiding citizen is in issue in this case and that the witnesses we have called should be allowed to testify to that fact and we would respectfully ask this Court to allow that testimony.

"THE COURT: I won't allow it.

"MR. McSHANE: Note our exception, please.

"THE COURT: All right. If you have some witnesses on truth and veracity, I'll let you offer that."

Appellant then closed without calling further witnesses.

 In the impeachment of a witness, the inquiry should be confined to his general reputation for truth and should not extend to his general moral character. *Belt v. State*, 47 Tex.Cr.R. 82, 78 S.W. 933 (1904). The trial court properly ruled that testimony as to Evans' reputation for truth and veracity was admissible, but that testimony as to his general reputation for being peaceful and law-abiding was not admissible. *Padron v. State*, 41 Tex.Cr.R. 548, 55 S.W. 827 (1900). See 1 McCormick and Ray, Texas Evidence, Secs. 645–647 (2d ed. 1956); McCormick, Evidence, Sec. 44 (2d ed. 1972); Fed.R.Evid. rule 608.

The judgment is affirmed.