Ysidro DELEON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–81–031–CR.
(2018cr).

Court of Appeals of Texas,
Corpus Christi.

May 13, 1982.

Werner A. Gohmert, Alice, for appellant.

Wiley Lewis Cheatham, Dist. Atty., Cuero, for appellee.

Before UTTER, KENNEDY and GONZALEZ, JJ.

## OPINION

GONZALEZ, Associate Justice.

This is an appeal from a conviction for unlawful possession of marijuana. Trial was before the court and the punishment was imprisonment for five (5) years and a fine of Twenty-Five Hundred Dollars ($2,500.00).

Appellant alleges that the court erred in overruling his motion to dismiss the indictment based on the Speedy Trial Act and he also challenges the sufficiency of the evidence to corroborate the testimony of an accomplice. We affirm.

On November 2, 1977, in DeWitt County, a complaint was filed against appellant and Jose Luis Rios for possession of more than four ounces of marijuana alleged to have been possessed on October 26, 1977. Appellant was arrested on November 7, 1977, and released on bond on November 28, 1977.

The Grand Jury met on the first Monday in January of 1978 and passed appellant's case. The foreman signed a written request of the court to enter an order requiring appellant to remain on bond and the trial court signed such an order on January 26, 1978, binding appellant over on his bond to the next meeting of the Grand Jury. The next session of the Grand Jury was on the first Monday in June 1978, and they again passed appellant's case. The foreman did not request that appellant be again bound over to a later Grand Jury.

On June 5, 1978, appellant filed an application for return of the cash bond. On June 16, 1978, a hearing was had on appellant's motion and the court signed an order releasing appellant from his bond and the bond was refunded.

On January 5, 1979, (thirteen months after the alleged occurrence), appellant was indicted for possession of marijuana. Appellant filed a motion to dismiss the indictment based on the Speedy Trial Act, Tex. Code Crim.Pro.Ann. Art. 32A.02 § (1)1 (Vernon Supp.1981). A hearing was held on appellant's motion and it was denied on January 29, 1979. Thereafter, on February 1, 1979, appellant was tried before the court and found guilty. He was sentenced and appellant perfected this appeal.

The Speedy Trial Act became effective on July 1, 1978. On said date, there were no charges pending against the appellant since they had in effect been dismissed on June 16, 1978 pursuant to Tex.Code Crim.Pro. Ann. Art. 32.01 (Vernon Supp.1981). The time which elasped prior to July 1, 1978 has been held not to be considered in determining whether the motion to set aside the indictment should be granted. *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978). Therefore, the only time which ran on appellant's indictment under the Speedy Trial Act was from the date of the indictment (January 5, 1979) until his trial started February 1, 1979, well within the 120 days from the commencement of the action. Appellant's first ground of error is overruled.

In his second and third grounds of error, appellant complains that the evidence is insufficient to corroborate the testimony of the accomplice witness and to support the judgment.

Jose Luis Rios, called by the State, testified to a sequence of events involving appellant and himself beginning October 1977, and ending in November 1977 when he was arrested.

Rios testified that he had been employed by appellant to help build a temporary runway to be used as a landing site for a plane transporting marijuana. Appellant and Rios went to look at prospective sites and talked to several real estate agents about the land. This trip was made by appellant and Rios in a Cougar automobile. After finding a suitable location they began to clear the land to make two narrow runways. They used wire cutters to cut some fences and a tractor with a drag and rotocycle. On October 26, 1977, Rios and appellant made a trip to the site and waited for the plane. When it arrived, they unloaded marijuana from the plane on to Rios' camper. At this point they observed several patrol cars approaching so they jumped into the truck and took off. They abandoned the truck near the airstrip, found their way to the highway and hitchhiked home. Later, Rios returned to reclaim his truck and was arrested.[1]

Lee Meador and George Vernon Holmes, real estate agents, testified that they had shown appellant several pieces of land during October of 1977, and that on October 17, 1977, they took the appellant to DeWitt County to show him a 140 acre tract of land (called the "Lord Pasture") that was for sale. Holmes testified that he met appellant through Fred Buckholtz, another real estate agent. Appellant, in addition to talking about buying the land, asked about getting permission to take a tractor and equipment on the land before the purchase was closed. Later that night, appellant and Buckholtz met and signed an earnest money contract on the 140 acre tract. The next day, the owners' attorney was not satisfied

1. At the time of appellant's trial, Rios was serving time in T. D. C. for the offense.

with the executed contract and prepared another one for appellant's signature. Appellant could not be found to sign the new contract. In the meantime, a Mr. Carter, a neighbor who was familiar with the rural tract, contacted Mr. Holmes who went to look at the property and found that two cross-fences had been cut and two long narrow strips, approximately 25 feet wide had been cut the length of three fields. He had not given appellant or anyone else permission to do this so he called Sheriff McMahan.

Bobby McMahan, Sheriff of DeWitt County, testified that on October 25, 1977, when he went to investigate he found an airstrip and some drag marks. While he was there a single engine plane, flew out of the brush off the "Lord Pasture." There were indications of more than one take off. He decided to keep the site under surveillance for the next few days.

The next day, the Sheriff accompanied by two marked units went to the site. He saw a pickup truck next to the barn. Upon entering the farm they heard a plane "rev up" its engine preparing to take off, and the Sheriff attempted to cut it off with his car. As he approached the strip, the plane took off—about two or three feet over him. He went back to the barn where he had seen the pickup and observed and followed some tracks. He found the pickup in a group of trees with the engine still running, loaded with 1,139 pounds of marijuana. The officers were unable to find the occupant or occupants of the truck.

It was stipulated that the leafy substance found by the Sheriff in the truck was marijuana and that two of appellant's fingerprints were on the right door of the pickup truck that was loaded with the marijuana.

■ "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Tex.Code Crim.Pro.Ann. Art. 38.14 (Vernon Supp.1981).

■ The rules regarding corroboration of the testimony of an accomplice are well settled. *White v. State*, 129 Tex.Cr.R. 59, 84 S.W.2d 465 (1935); *Cherb v. State*, 472 S.W.2d 273 (Tex.Cr.App.1971); *Shannon v. State*, 567 S.W.2d 510 (Tex.Cr.App.1978). They provide that:

(1) An accomplice witness can be corroborated by circumstantial evidence.

(2) The test of sufficiency of corroboration of the testimony of an accomplice witness is to eliminate the evidence of the accomplice from consideration and then examine evidence of other witnesses to ascertain if there is inculpatory evidence of incriminating character which tends to connect the accused with the commission of the offense. If there is such evidence, the corroboration is sufficient, otherwise it is not.

(3) The corroborative testimony need not directly link the accused to the crime or be sufficient in itself to establish guilt.

(4) The corroboration need only make the accomplice's testimony more likely than not.

(5) It is not necessary that the accomplice be corroborated on all his testimony.

(6) Proof that the accused was at or near the scene of the crime at or about the time of its commission is admissible in corroboration of the testimony of the accomplice, and may tend to connect the accused with the commission of the crime, so as to provide a sufficient corroboration to support a conviction, when coupled with suspicious circumstances.

We find that the testimony of the real estate agents, the Sheriff and appellant's two fingerprints on the load-truck adequately corroborates the accomplice's testimony. Appellant's grounds of error two and three are overruled.

The judgment of the trial court is affirmed.