**Ruben MARTINEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 13–81–145–CR.

Court of Appeals of Texas, Corpus Christi.

April 7, 1983.

Rehearing Denied May 5, 1983.

Discretionary Review Refused Sept. 21, 1983.

Arnold X. Medina, Garza & Garza, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for aggravated rape. Appellant Ruben Martinez (Martinez) pled not guilty. He was found guilty by a jury. Following a finding that Martinez had been previously convicted of a felony, punishment was assessed by the trial judge at twenty years confinement in the Texas Department of Corrections.

The record reflects that Mr. and Mrs. Q. and three of their children were in Corpus Christi on the evening of December 21, 1979, to do some Christmas shopping. Upon returning to their truck following some shopping in a local clothes store, they discovered that their truck would not start. The parking lot they were in was well lit and Mr. Q. attempted to repair the truck himself. He was unsuccessful in his attempt. He went to a nearby phone to call the police dispatcher to see if they could send some help or locate someone who could work on the truck. While Mr. Q. was making the phone call, a man, later identified as Martinez, approached Mrs. Q., identified himself as a mechanic, and offered to assist her in repairing the truck. Shortly thereafter, Mr. Q. returned to the place where the truck was parked. A wrecker arrived shortly thereafter. Martinez, Mr. Q. and the wrecker driver were unable to start the truck and Mrs. Q. left the scene to make some phone calls. Martinez offered to contact a friend, who was a mechanic living close by, and left minutes after Mrs. Q. Martinez overtook Mrs. Q. before she reached the phone and persuaded her to go with him to get his friend.

Mrs. Q. testified that Martinez directed her down a side street. After walking down the sidewalk on the sidestreet about one block, they crossed the street onto some grass near a fence and Martinez "grabbed" her, "put his hand over [her] mouth and grabbed [her] right wrist and pushed [her] through the bushes closer to the fence and . . . [held her] right arm way up behind her

head . . . and kept telling [her] to shut up." When she wouldn't quit screaming, Martinez "told [her] how easy it would be to kill [her]." He continued to tell her to "shut up" and when she didn't "he hit [her] in the head with his fist . . . and then threw [her] on the ground . . ." Mrs. Q. continued to scream and Martinez "asked [her] if [she] ever wanted to see [her] kids again." She persisted in screaming and "he grabbed [her] throat and told [her] how easy it would be again to kill [her] . . ." Martinez had Mrs. Q. on the ground with both her arms underneath her and since she continued to scream "he had his hand over [her] mouth and he grabbed [her] hair with the other hand and started smashing [her] head into the ground . . ."

Thereafter, Martinez had intercourse with Mrs. Q. After intercourse, Martinez told Mrs. Q. to "count to 100" and "that if [she] didn't, he would come back and do it again and then he left." Mrs. Q. returned to the shopping center where her husband flagged down a police officer and reported the attack. The following Monday Mr. and Mrs. Q. appeared at the Corpus Christi Police Offices and independently identified appellant's picture from a photographic lineup.

Appellant brings forth three grounds of error.

In his first ground of error, appellant contends that the indictment was insufficient in that it did not directly specify the person threatened with the imminent infliction of serious bodily injury or death. The indictment, in pertinent part reads:

"did then and there intentionally and knowingly by force and threats compel N.Q., a female not his wife, to submit to sexual intercourse with him without her consent by threatening her with the imminent infliction of serious bodily injury and death."

■ The indictment in its entirety must be given a reasonable reading to determine if it alleges that the prosecutrix was compelled to submit to appellant's act by force and threats. *Church v. State,* 552 S.W.2d

138 (Tex.Cr.App.1977). A logical deduction arising from a reasonable reading of the entire indictment is that appellant had intercourse with N.Q., without the consent of N.Q. because he threatened N.Q. with the imminent infliction of serious bodily injury and death. See *Childs v. State,* 547 S.W.2d 613 (Tex.Cr.App.1977). The language "without her consent by threatening her" is sufficient to apprise appellant of the offense with which he is being charged. See *Johnson v. State,* 623 S.W.2d 654 (Tex.Cr. App.1981); and *Johnson v. State,* 583 S.W.2d 399 (Tex.Cr.App.1979).

In his second ground of error, appellant contends that the evidence introduced during trial is insufficient to support a conviction of aggravated rape, in that the aggravated element is not proven.

■ The prosecutrix testified that on two occasions, appellant told her "how easy it would be to kill [her]." On one occasion, he had his hands around her throat. Additionally, N.Q. testified that appellant had her on her back with both her arms underneath her and "he grabbed [her] hair ... and started smashing [her] head into the ground." The jury heard N.Q.'s testimony of the blows she received and saw pictures depicting the injuries she received. Dr. Julius Gray, the physician who attended N.Q., testified that she "seemed to have been thoroughly beaten ... she was bruised and scratched severely about the face, about the upper body and across her back and bruised about both legs too." It is well established that threats can be conveyed by action or conduct as well as words. *Church v. State,* supra; *Berry v. State,* 579 S.W.2d 487 (Tex. Cr.App.1979); *Seaton v. State,* 564 S.W.2d 721 (Tex.Cr.App.1978). The evidence is sufficient to support the aggravating element of appellant's conviction.

Appellant's third ground of error complains that the trial court committed error in permitting the introduction of sworn statements, given individually, by both Mr. and Mrs. Q. to the police. In both statements reference is made to the fact that the affiant chose Martinez from a photo lineup, picking out the photo numbered 81071. Appellant's trial-objection was that the admission of the statement with reference to photo 81071 "is putting in the reputation of this defendant as to prior convictions or prior reputation regarding criminal activity."

■ First, appellant's objection on appeal does not comport with his objection at trial in that he is now trying to complain that the admission of the statements was tantamount to admission of an extraneous offense. See *Shannon v. State,* 567 S.W.2d 510 (Tex.Cr.App.1978); and, *Moore v. State,* 629 S.W.2d 266 (Tex.App.—Dallas 1982, no d.r.). Accordingly, nothing is presented for review. *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978). Second, N.Q. testified that she had identified Martinez from a series of photographs she had been shown at the police station. Defense counsel's objection at this time was that the prosecution was asking a "[l]eading question." The objection was overruled and the testimony admitted. On cross-examination, defense counsel extensively questioned her on her identification of Martinez from a police photo. Mr. Q. testified, without objection, that he identified Martinez from a picture he was shown at the police station.

■ The admission of improper evidence does not constitute reversible error if the same facts are shown by other evidence which is not challenged. *Crocker v. State,* supra. This same rule is applicable to the admission of evidence showing extraneous offenses. *Thrush v. State,* 515 S.W.2d 122 (Tex.Cr.App.1974).

We have examined all of appellant's grounds of error and overrule the same. The judgment of the trial court is AFFIRMED.