TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00539-CR






Jimmie Clayton Bolton, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 98-215, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







 A jury found Jimmie Bolton guilty of criminal solicitation of a minor and assessed
punishment, due to enhancements, at 99 years in prison. See Tex. Penal Code Ann. § 15.031(a)
(West Supp. 2000). Appellant raises four issues contending that the evidence is legally and
factually insufficient to support the conviction and that the trial court erred during the State's
closing argument in overruling his objection because the State improperly commented on
appellant's failure to testify. We will affirm the conviction.


Background


 Count 3 of the indictment charged that appellant intended 


that the offense of Aggravated Sexual Assault of a Child be committed, did then
and there request and attempt to induce [K.H.], who was then and there a child
younger than 14 years of age, to engage in specific conduct, to-wit: to permit the
said Jimmie Clayton Bolton to cause his sexual organ to contact and to penetrate
the mouth of the aforesaid [K.H.], that under the circumstances surrounding the
said conduct as the said Defendant believed them to be, would have constituted the
offense of Aggravated Sexual Assault of a Child.



 According to K.H., on June 2, 1998, at about 1:30 in the morning, K.H., appellant
and Dorothy Ritchie were sitting outside Ritchie's trailer which was located just beyond the city
limits of Luling. K.H. was staying with Ritchie while her mother was away. Appellant told K.H.
that her body was "firm" and placed his hand on her thigh. Appellant then said to her that he
"would like to get between your legs and fuck you." Appellant then asked K.H., "would you
rather give me a blow job." Finally, appellant offered K.H. $100 if she would have sex with him
and he would give her $100 not to tell anyone. K.H. became afraid when appellant requested that
she engage in oral sex. She denied his request. K.H. recalled that Ritchie got up to go into the
trailer about the time appellant asked her to engage in oral sex. After the solicitation, Ritchie
asked appellant to leave the premises but K.H. recalled that appellant came back the next day. 
K.H. was ten years old at the time of the incident.

 Ritchie testified that she was about three feet away when she heard appellant ask
K.H. to perform oral sex for money. Ritchie testified, "I heard him tell her that he would give
her fifty to a hundred dollars if she would suck his penis. . . . He just told her that he would offer
her fifty to a hundred dollars if she would give him a blow job." According to Ritchie, K.H.
became very upset and was crying as a result of the solicitation. Immediately after appellant's
comments to K.H., Ritchie told appellant to leave. Rather than leave, appellant went over to a
car parked in the yard and passed out on the seat.

 Deputy David Brent testified that he interviewed K.H. and obtained her signed
statement at the scene around 8:00 p.m. on June 2. At the time of the interview, K.H. was very
upset and crying. Deputy Mike Allen testified that he accompanied Brent and interviewed Ritchie. 
While Allen was there he saw appellant drive up in a car. When appellant arrived, K.H. became
"notably upset." She "was acting real nervous and scared" due to appellant's reappearance. 
Allen also noticed that Ritchie became upset when appellant arrived.


Discussion


Sufficiency of the Evidence

 In point of error one, appellant contends that the evidence is legally insufficient to
support his conviction. Specifically, he contends that the evidence was legally insufficient to
strongly corroborate both the solicitation and his intent that K.H. act on his solicitation. 
Additionally, in point of error two, appellant contends that the trial court erroneously overruled
his motion for directed verdict for the same reason. In point of error four, appellant challenges
the factual sufficiency of the evidence supporting his conviction.

 The standard for reviewing the legal sufficiency of the evidence is whether, viewing
the evidence in a light most favorable to the jury's verdict, any rational trier of fact could have
found beyond a reasonable doubt all the essential elements of the offense charged. See Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). 
A motion for instructed verdict is actually a challenge to the legal sufficiency of the evidence,
therefore, the same standard of review applies for analysis. Madden v. State, 799 S.W.2d 683,
686 (Tex. Crim. App. 1990).

 The standard for reviewing the factual sufficiency of the evidence is whether a
neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the
proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine
confidence in the jury's determination. See Johnson v. State, No. 1915-98, slip op. at 18 (Tex.
Crim. App. Feb. 9, 2000). When conducting a factual sufficiency review, the evidence is not
viewed in the light most favorable to the verdict. Instead, all the evidence is considered equally,
including the testimony of defense witnesses and the existence of alternative hypotheses. See
Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). A verdict may be set
aside only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. See Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd as untimely filed).

 The jury is the exclusive judge of the credibility of the witnesses and the weight
to be given their testimony, and may accept or reject all or any part of the evidence. See Miller
v. State, 909 S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). The fact finder may draw
reasonable inferences and reasonable deductions from the evidence. Id. We must not reweigh
the evidence and set aside a verdict merely because we feel that a different result is more
reasonable. Clewis, 922 S.W.2d at 135; Reina v. State, 940 S.W.2d 770, 773 (Tex. App.--Austin
1997, pet. ref'd). We must maintain appropriate deference to the jury's verdict by finding error
only when the record clearly indicates that the verdict is wrong and manifestly unjust. See
Johnson, slip op. at 13; Reina, 940 S.W.2d at 773.

 The offense of criminal solicitation of a minor contains a corroboration
requirement: a person may not be convicted on the uncorroborated testimony of the minor
allegedly solicited unless the solicitation is made under circumstances strongly corroborative of
both the solicitation itself and the actor's intent. See Tex. Penal Code Ann. § 15.031(c) (West
Supp. 2000). The corroboration requirement of this statute embodies the same concept as that
contained in the general solicitation statute. See Tex. Penal Code Ann. § 15.03(b) (West Supp.
2000). The corroboration requirement for solicitation is analogous to the corroboration
requirement when accomplice witness testimony is in issue. See Richardson v. State, 700 S.W.2d
591, 594-95 (Tex. Crim. App. 1985); Tex. Code Crim. Proc. Ann. 38.14 (West 1979). 

 In accomplice witness cases, the test used to evaluate corroborating evidence is to
eliminate from consideration the accomplice testimony and then determine whether there is other
incriminating evidence tending to connect the defendant with the crime. Richardson, 700 S.W.2d
at 594 (citing Adams v. State, 685 S.W.2d 661 (Tex. Crim. App. 1985)). It is not necessary that
the corroboration evidence directly link the defendant with the crime or that it be sufficient in
itself to establish guilt. Id. (citing Shanon v. State, 567 S.W.2d 510 (Tex. Crim. App. 1978)). 
In determining the sufficiency of the corroboration, the court should consider the combined weight
of the non-accomplice evidence even if it is entirely circumstantial. Id. (citing Rice v. State, 587
S.W.2d 689 (Tex. Crim. App. 1979)).

 In the case before us, we eliminate from consideration K.H.'s testimony and
determine whether there is other incriminating evidence connecting appellant with the offense. 
Evidence must corroborate both the solicitation itself and appellant's intent that the minor act on
the solicitation.

 Appellant contends that there were factual discrepancies between K.H.'s and
Ritchie's testimony. Appellant argues that based on the testimony of K.H., Ritchie, the State's
corroborating witness, was not present when appellant asked K.H. to engage in oral sex with him. 
Consequently, Ritchie could not have heard any of appellant's comments to K.H. Although K.H.
claimed that Ritchie got up to go into the trailer just before appellant made the solicitation
statement, Ritchie testified that she was in close proximity to appellant when he made the sexual
solicitation statements.

 The discrepancies in the evidence about which appellant complains were within the
jury's province to resolve as they judged the credibility of witnesses and were entitled to accept
or reject all or any part of the evidence. Miller, 909 S.W.2d at 593. Additionally, the jury could
properly draw reasonable inferences and reasonable deductions from the evidence. Id. The jury
could have resolved the evidentiary discrepancies by determining that although Ritchie was going
into the trailer she nevertheless overheard appellant's solicitation. While discrepancies exist,
K.H. gave a clear account of appellant's solicitation statements. Ritchie corroborated one of the
statements by appellant--that he would pay K.H. money to engage in oral sex with him. Ritchie's
corroborating testimony that appellant offered K.H. money to engage in oral sex was some
incriminating evidence tending to connect appellant with the offense. We hold that a rational trier
of fact could have found beyond a reasonable doubt the elements of the charged offense. 
Additionally, the verdict is not so greatly outweighed by contrary proof as to be clearly wrong
and unjust. We hold that the evidence is legally and factually sufficient to support the conviction. 
Points of error one, two and four are overruled.


Jury Argument

 In point of error three, appellant contends that the trial court erred in overruling
his objection to remarks by the State during its closing argument at the guilt-innocence phase of
trial. Appellant complains about the following portion of the State's closing argument:


[State's Attorney]: He talks about Ms. Ritchie having a discrepancy or an
inconsistency about the number of people that were on the place. We now know
that there were other people on the place, children, we don't know what their ages
are. Where are they? If it didn't happen like the State's witnesses say it happened,
his family --


[Appellant's Attorney]: Objection, Your Honor, he's commenting on the failure
of the defendant to produce witnesses when the burden of proof is on the State to
bring witnesses.


The Court: Overrule the objection.



Appellant contends on appeal that the State's remarks were improper comments on his failure to
testify. The State responds that appellant's trial objection to the State's remarks differed from his
appellate complaint. The State argues that at trial appellant's objection was that the State was
improperly shifting the burden of proof while now appellant complains that the remarks were
improper comments on his failure to testify.

 Generally, error must be presented at trial with a timely and specific objection, and
any objection at trial which differs from the complaint on appeal preserves nothing for review. 
See Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990); Tex. R. App. P. 33.1(a). 
We agree with the State that appellant's objection in the trial court differs from his complaint on
appeal. The appellant, therefore, did not preserve this complaint for appellate review. Point of
error three is overruled.

 The trial court's judgment is affirmed.



 


 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: June 29, 2000

Do Not Publish



 appellant's comments to K.H. Although K.H.
claimed that Ritchie got up to go into the trailer just before appellant made the solicitation
statement, Ritchie testified that she was in close proximity to appellant when he made the sexual
solicitation statements.

 The discrepancies in the evidence about which appellant complains were within the
jury's province to resolve as they judged the credibility of witnesses and were entitled to accept
or reject all or any part of the evidence. Miller, 909 S.W.2d at 593. Additionally, the jury could
properly draw reasonable inferences and reasonable deductions from the evidence. Id. The jury
could have resolved the evidentiary discrepancies by determining that although Ritchie was going
into the trailer she nevertheless overheard appellant's solicitation. While discrepancies exist,
K.H. gave a clear account of appellant's solicitation statements. Ritchie corroborated one of the
statements by appellant--that he would pay K.H. money to engage in oral sex with him. Ritchie's
corroborating testimony that appellant offered K.H. money to engage in oral sex was some
incriminating evidence tending to connect appellant with the offense. We hold that a rational trier
of fact could have found beyond a reasonable doubt the elements of the charged offense. 
Additionally, the verdict is not so greatly outweighed by contrary proof as to be clearly wrong
and unjust. We hold that the evidence is legally and factually sufficient to support the conviction. 
Points of error one, two and four are overruled.


Jury Argument

 In point of error three, appellant contends that the trial court erred in overruling
his objection to remarks by the State during its closing argument at the guilt-innocence phase of
trial. Appellant complains about the following portion of the State's closing argument:


[State's Attorney]: He talks about Ms. Ritchie having a discrepancy or an
inconsistency about the number of people that were on the place. We now know
that there were other people on the place, children, we don't know what their ages
are. Where are they? If it didn't happen like the State's witnesses say it happened,
his family --


[Appellant's Attorney]: Objection, Your Honor, he's commenting on the failure
of the defendant to produce witnesses when the burden of proof is on the State to
bring witnesses.


The Court: Overrule the objection.



Appellant contends on appeal that the State's remarks were improper comments on his failure to
testify. The State responds that appellant's trial objection to the State's remarks differed from his
appellate complaint. The State argues that at trial appellant's objection was that the State was
improperly shifting the burden of proof while now appellant complains that the rema