NO. 07-02-0166-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 9, 2002



______________________________




NEWELL M. EVANS, APPELLANT



V.



GUARANTEED TRANSMISSIONS, ET AL., APPELLEES




_________________________________



FROM THE COUNTY CIVIL COURT AT LAW NO. 1 OF HARRIS COUNTY;



NO. 755916; HONORABLE ED LANDRY, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 On February 21, 2002 a Notice of Appeal was filed by appellant Newell M. Evans,
III. By letters dated March 14 and March 20, 2002 the clerk advised appellant that a filing
fee had not been received, Tex. R. App. P. 5. 

 By letter dated April 12, 2002, the clerk advised appellant that the filing fee had still
not been paid, and that unless the filing fee was received on or before April 23, 2002, the
appeal would be subject to dismissal.

 Texas courts do not maintain separate sets of procedural rules for litigants with
counsel and for litigants representing themselves. Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184-85 (Tex. 1978) (Rules of Civil Procedure). Litigants representing
themselves must comply with the same procedural rules as are applicable to represented
parties. Id. Appellant has not complied with the Rules of Appellate Procedure in regard
to his appeal, as noted above. 

 The appeal is dismissed pursuant to Tex. R. App. P. 42.3(c) for appellant's failure
to comply with Tex. R. App. P. 20.1 and the subsequent direction of the clerk to pay the
filing fee.

 Per Curiam

Do not publish.



r limitation, rendered the sentencing hearing fundamentally unfair and asks this Court
to reverse the judgment as to sentencing and remand for a new sentencing hearing.
          The failure to object to the examination of witnesses or to the admission of evidence
is not preserved for appellate review absent a timely and specific objection raised during
trial and any error in the admission of the evidence is waived by the failure to object. See
Tex. R. App. P. 33.1(a); Fancher v. State, 659 S.W.2d 836, 839 (Tex.Crim.App. 1983);
Crocker v. State, 573 S.W.2d 190, 205 (Tex.Crim.App. 1978); Salas v. State, 486 S.W.2d
956, 957 (Tex.Crim.App. 1972). Further, this is true even though the error may concern
a constitutional right of the defendant. See Muniz v. State, 851 S.W.2d 238, 255-56
(Tex.Crim.App. 1993); Gauldin v. State, 683 S.W.2d 411, 413 (Tex.Crim.App. 1984);
Russell v. State, 665 S.W.2d 771, 777-78 (Tex.Crim.App. 1983); Shannon v. State, 567
S.W.2d 510, 514 (Tex.Crim.App. 1978).
          Appellant contends that the evidence that he was a member of a prison gang was
so inflammatory and of such minimal relevance that its admission was fundamental error
because it denied him a fair sentencing hearing. Appellant relies on Dawson v. Delaware,
503 U.S. 159, 166-67, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992), as establishing that
evidence of gang membership without evidence that the gang has engaged in unlawful
acts or has endorsed such acts is not relevant to any legitimate sentencing consideration
and is a violation of a defendant’s First Amendment rights. While appellant may be right
in his assertion that the evidence complained of in this case was objectionable under
Dawson, we note that the defendant in Dawson timely asserted objections to the admission
of the evidence on the grounds that the admission of the evidence would violate his First
and Fourteenth Amendment rights. See id. at 162. Appellant has cited no authority that
the admission of gang membership during sentencing is fundamental error for which no
objection at trial is required. Further, we have found no such authority.
          Therefore, we conclude that appellant failed to preserve the complained of error for
our review and we, therefore, overrule appellant’s sole issue and affirm the judgment of the
trial court.


Mackey K. Hancock

Justice



Do not publish.