NO. 07-08-0111-CR
NO. 07-08-0112-CR
NO. 07-08-0113-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 30, 2008

_____

DAVID LONGORIA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 2004-407,301, 2004-407,304, 2004-407,306;

HON. BRADLEY UNDERWOOD, PRESIDING
_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**Memorandum Opinion**

Appellant, David Longoria, appeals the sentences imposed for four convictions of delivery of a controlled substance, cocaine. Appellant challenges the admission of evidence relating to his membership in a gang that was elicited during a sentencing hearing that was had before the bench. We affirm.

By one issue, appellant contends that the trial court erred in admitting evidence of appellant's membership in a prison gang during the sentencing hearing. Appellant acknowledges that he did not object to the evidence nor did he request a limiting instruction. However, appellant contends that the admission of this evidence, without proper limitation, rendered the sentencing hearing fundamentally unfair and asks this Court to reverse the judgment as to sentencing and remand for a new sentencing hearing.

The failure to object to the examination of witnesses or to the admission of evidence is not preserved for appellate review absent a timely and specific objection raised during trial and any error in the admission of the evidence is waived by the failure to object. See TEX. R. APP. P. 33.1(a); Fancher v. State, 659 S.W.2d 836, 839 (Tex.Crim.App. 1983); Crocker v. State, 573 S.W.2d 190, 205 (Tex.Crim.App. 1978); Salas v. State, 486 S.W.2d 956, 957 (Tex.Crim.App. 1972). Further, this is true even though the error may concern a constitutional right of the defendant. See Muniz v. State, 851 S.W.2d 238, 255-56 (Tex.Crim.App. 1993); Gauldin v. State, 683 S.W.2d 411, 413 (Tex.Crim.App. 1984); Russell v. State, 665 S.W.2d 771, 777-78 (Tex.Crim.App. 1983); Shannon v. State, 567 S.W.2d 510, 514 (Tex.Crim.App. 1978).

Appellant contends that the evidence that he was a member of a prison gang was so inflammatory and of such minimal relevance that its admission was fundamental error because it denied him a fair sentencing hearing. Appellant relies on Dawson v. Delaware, 503 U.S. 159, 166-67, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992), as establishing that evidence of gang membership without evidence that the gang has engaged in unlawful acts or has endorsed such acts is not relevant to any legitimate sentencing consideration

and is a violation of a defendant's First Amendment rights. While appellant may be right in his assertion that the evidence complained of in this case was objectionable under Dawson, we note that the defendant in Dawson timely asserted objections to the admission of the evidence on the grounds that the admission of the evidence would violate his First and Fourteenth Amendment rights. See id. at 162. Appellant has cited no authority that the admission of gang membership during sentencing is fundamental error for which no objection at trial is required. Further, we have found no such authority.

Therefore, we conclude that appellant failed to preserve the complained of error for our review and we, therefore, overrule appellant's sole issue and affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

3