NO. 07-08-0111-CR

NO. 07-08-0112-CR

NO. 07-08-0113-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 30, 2008



______________________________





DAVID LONGORIA, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NOS. 2004-407,301, 2004-407,304, 2004-407,306;

Â 

HON. BRADLEY UNDERWOOD, PRESIDING

_______________________________





Before CAMPBELL, HANCOCK and PIRTLE, JJ.
Memorandum Opinion
Â Â Â Â Â Â Â Â Â Â Appellant, David Longoria, appeals the sentences imposed for four convictions of
delivery of a controlled substance, cocaine. Appellant challenges the admission of
evidence relating to his membership in a gang that was elicited during a sentencing hearing
that was had before the bench. We affirm.
Â Â Â Â Â Â Â Â Â Â By one issue, appellant contends that the trial court erred in admitting evidence of
appellantâs membership in a prison gang during the sentencing hearing. Appellant
acknowledges that he did not object to the evidence nor did he request a limiting
instruction. However, appellant contends that the admission of this evidence, without
proper limitation, rendered the sentencing hearing fundamentally unfair and asks this Court
to reverse the judgment as to sentencing and remand for a new sentencing hearing.
Â Â Â Â Â Â Â Â Â Â The failure to object to the examination of witnesses or to the admission of evidence
is not preserved for appellate review absent a timely and specific objection raised during
trial and any error in the admission of the evidence is waived by the failure to object. See
Tex. R. App. P. 33.1(a); Fancher v. State, 659 S.W.2d 836, 839 (Tex.Crim.App. 1983);
Crocker v. State, 573 S.W.2d 190, 205 (Tex.Crim.App. 1978); Salas v. State, 486 S.W.2d
956, 957 (Tex.Crim.App. 1972). Further, this is true even though the error may concern
a constitutional right of the defendant. See Muniz v. State, 851 S.W.2d 238, 255-56
(Tex.Crim.App. 1993); Gauldin v. State, 683 S.W.2d 411, 413 (Tex.Crim.App. 1984);
Russell v. State, 665 S.W.2d 771, 777-78 (Tex.Crim.App. 1983); Shannon v. State, 567
S.W.2d 510, 514 (Tex.Crim.App. 1978).
Â Â Â Â Â Â Â Â Â Â Appellant contends that the evidence that he was a member of a prison gang was
so inflammatory and of such minimal relevance that its admission was fundamental error
because it denied him a fair sentencing hearing. Appellant relies on Dawson v. Delaware,
503 U.S. 159, 166-67, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992), as establishing that
evidence of gang membership without evidence that the gang has engaged in unlawful
acts or has endorsed such acts is not relevant to any legitimate sentencing consideration
and is a violation of a defendantâs First Amendment rights. While appellant may be right
in his assertion that the evidence complained of in this case was objectionable under
Dawson, we note that the defendant in Dawson timely asserted objections to the admission
of the evidence on the grounds that the admission of the evidence would violate his First
and Fourteenth Amendment rights. See id. at 162. Appellant has cited no authority that
the admission of gang membership during sentencing is fundamental error for which no
objection at trial is required. Further, we have found no such authority.
Â Â Â Â Â Â Â Â Â Â Therefore, we conclude that appellant failed to preserve the complained of error for
our review and we, therefore, overrule appellantâs sole issue and affirm the judgment of the
trial court.


Mackey K. Hancock

Justice



Do not publish.



ces, in a vague manner, jurisdiction of the trial court. See TRAP 25.2(b)(3). 
 The form of appellant's Notice of Appeal may arguably comply with TRAP
25.2(b)(3), insofar as stating that the appeal is for a jurisdictional question. Having
examined the record for substantive compliance with such rule, however, we find that the
record does not support compliance so as to invoke our appellate jurisdiction: (1)
appellant's Notice does not state that the trial court gave permission to appeal, and the
record reflects that it did not give permission; (2) the Notice of Appeal does not assert
appeal from pre-trial motions, and the record contains no pre-trial motions which were
overruled; and (3) jurisdiction was properly vested in the trial court by presentation of an
indictment. See Tex. Const. art. 5, § 12; Ex parte Long, 910 S.W.2d 485, 486
(Tex.Crim.App. 1995). 

 Because appellant has not invoked our jurisdiction, we must and do dismiss the
appeal for lack of jurisdiction. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.
1998). Moreover, because we have no jurisdiction over the appeal except to dismiss it,
see id., we cannot and do not consider appellate counsel's Motion to Withdraw. 

 

 Phil Johnson

 Justice



Do not publish.