NUMBER 13-05-447-CR  

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 


                                                                                                     


FERNANDO CORTEZ,                                                           Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

                                                                     
                                

On appeal from the 319th District
Court 

of Nueces County, Texas

                                                                                                    


MEMORANDUM OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Garza

                        Memorandum
Opinion by Justice Rodriguez

 








Appellant, Fernando Cortez, was charged by
indictment with criminal solicitation of a minor.  See Tex.
Pen. Code Ann. ' 15.031(b) (Vernon
2003); ' 22.011(a)(2)(B)
(Vernon 2003 & Supp. 2005).  The
trial judge found appellant guilty and assessed punishment at ten years'
confinement, suspended for ten years' probation, and a fine of $1,000.  The trial court has certified that this
"is not a plea bargain case, and the defendant has the right of
appeal."  See Tex. R. App. P. 25.2(a)(2).  By two issues appellant challenges (1) the
sufficiency of the evidence to corroborate the solicitation itself, and (2) the
factual sufficiency of the evidence to support his conviction.  We affirm.

I.  Background

All issues of law presented by this case are
well-settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts except as necessary to advise the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

II.  Corroboration Evidence

In his first issue,
appellant asserts that the evidence presented at trial was insufficient to
corroborate the solicitation itself.

A.  Applicable Law and Standard of Review













The offense of
criminal solicitation of a minor[1]
contains a corroboration requirement.  See
Tex. Pen. Code Ann. ' 15.031(c) (Vernon
2003).  Pursuant to section 15.031(c), a
person may not be convicted on the uncorroborated testimony of the minor
allegedly solicited unless the solicitation is made under circumstances
strongly corroborative of both the solicitation itself and the actor's intent
that the minor act on the solicitation.[2]  Id. 
The corroboration requirement of this statute embodies the same concept
as that contained in the general criminal solicitation statute.  See Tex.
Pen. Code Ann. '' 15.03(b), 15.031(c)
(Vernon 2003); see also Palacio v. State, No. 2-04-152-CR, 2005 Tex.
App. LEXIS 470, *8 (Tex. App.BFort Worth Jan. 20,
2005, pet. ref'd) (not designated for publication); Bolton v. State, No.
03-99-00539-CR, 2000 Tex. App. LEXIS 4304, *7 (Tex. App.BAustin June 29,2000,
no pet.) (not designated for publication). 
The corroboration requirement for general criminal solicitation is
analogous to the corroboration requirement found in the accomplice witness
statute.  See Tex. Pen. Code Ann. ' 15.03(b); Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2005); Richardson v. State, 700 S.W.2d 591, 594 (Tex. Crim. App.
1985) (en banc).  Therefore, the test for
evaluating the sufficiency of the corroboration evidence is the same with
respect to the general criminal solicitation statute and accomplice witness
statute.  See Richardson, 700
S.W.2d at 594.  Furthermore, because the
corroboration requirement found in section 15.031(c) embodies the same concept
as that found in 15.03(b), we apply the same test used in evaluating the
sufficiency of the corroboration evidence under the general criminal
solicitation statute and accomplice witness statute to section 15.031(c).  See Palacio, 2005 Tex. App. LEXIS 470,
at *8-9 (citing Bolton, 2000 Tex. App. LEXIS 4304, at *2-3).

Therefore, in
reviewing the sufficiency of the corroboration evidence in the present case,
the test requires that we eliminate from consideration the minor victim's
testimony and then determine whether there is other incriminating evidence
tending to connect the defendant with the crime.  See Richardson, 700 S.W.2d at 594 (citing
Adams v. State, 685 S.W.2d 661 (Tex. Crim. App. 1985)).  It is not necessary that the corroboration
evidence directly link the defendant with the crime or that it be sufficient in
itself to establish guilt.  Id.
(citing Shannon v. State, 567 S.W.2d 510 (Tex. Crim. App. 1978)).  In determining the sufficiency of the
corroboration evidence, we consider the combined weight of the non-victim=s evidence even if it
is entirely circumstantial.  Id. (citing
Rice v. State, 587 S.W.2d 689 (Tex. Crim. App. 1979); Jackson v.
State, 516 S.W.2d 167 (Tex. Crim. App. 1974)).

                                            B.  Analysis








Eliminating from
consideration C.A.=s, the minor victim's,
testimony, we determine whether there is other evidence tending to connect
appellant with the offense.  See Richardson,
700 S.W.2d at 594.  At trial, C.A.=s parents testified
that he had informed them of the solicitation the same day it occurred.  C.A.=s parents also
testified as to his demeanor on the day of the offense, and described him as
quiet and scared; they also testified that C.A. slept a lot that day.  C.A.=s parents further
testified that C.A. described the perpetrator=s vehicle to them the day of the incident as a
grey truck with a Dallas Cowboy star decal on the back window.  C.A.=s description of the
perpetrator's vehicle matched the description of appellant=s vehicle; appellant
testified that he had a Dallas Cowboy star decal on the back window of his grey
truck.  C.A.=s parents also
testified that while driving in town on January 24, 2004, C.A. informed them
that the grey truck driving next to them was the truck of the perpetrator and
that the perpetrator was the individual driving the truck.  C.A.=s parents also
testified that when C.A. identified appellant in his truck, C.A.=s demeanor was
anxious.  C.A.'s parents testified that
appellant continued to stare in C.A.'s direction as the two vehicles drove near
each other.  Furthermore, the State
showed that appellant=s place of work was
about one and a half miles from the area where the solicitation occurred.  In addition, the State demonstrated that
while appellant=s alibi witnesses
could confirm appellant=s whereabouts on
January 5th and 6th, they could not testify as to his specific whereabouts on
January 7th other than to say that appellant was supposed to be at work on
January 7th.[3]  








After eliminating
C.A.'s testimony from consideration and evaluating the combined weight of the
non-victim's evidence, see Richardson, 700 S.W.2d at 594, we conclude
that the evidence tending to connect appellant with the crime was sufficient
and C.A.=s testimony was
strongly corroborated as to the solicitation itself.  See Tex.
Pen. Code Ann. ' 15.031(c) (Vernon
2003).  We overrule appellant=s first issue.  

III.  Factual Sufficiency

In his second issue,
appellant contends that the evidence is factually insufficient to support his
conviction.

                                           A.  Standard of Review

In reviewing the
factual sufficiency of the evidence, we view the evidence in a neutral
light.  Drichas v. State, 175
S.W.3d 795, 799 (Tex. Crim. App. 2005) (en banc) (citing Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996)). 
We measure the factual sufficiency of the evidence in a jury trial by
the elements of the offense as defined by a hypothetically correct jury
charge.  See Adi v. State, 94
S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002,
pet. ref'd).  








In evaluating the
evidence, we must defer to the finder of fact. 
See Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997).  The fact finder is permitted to
draw reasonable inferences and deductions from the evidence.  Benavides v. State, 763 S.W.2d 587,
588‑89 (Tex. App.CCorpus Christi 1988,
pet. ref'd).  In addition, it is within
the fact finder's province to resolve any discrepancies in the evidence.  Bowden v. State, 628 S.W.2d 782, 784
(Tex. Crim. App. 1982).  Furthermore, the
fact finder is the sole judge of the credibility of the witnesses, and is
permitted to accept or reject all or any part of the evidence presented at
trial.  Saxton v. State, 804
S.W.2d 910, 914 (Tex. Crim. App. 1991).  

Evidence is factually
insufficient only when the evidence to an element is so obviously weak as to
undermine confidence in the fact finder's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000) (en banc).

                                           B.  Analysis

In order to prove that
appellant committed the offense of criminal solicitation of a minor, the State
had to prove that appellant, with intent that an offense under section 22.011
be committed, by any means requested, commanded, or attempted to induce C.A. to
engage in conduct that, under the circumstances surrounding appellant's conduct
as he believed them to be, would constitute an offense under section 22.011 or
would have made C.A. a party to the commission of an offense under section
22.011.  Tex. Pen. Code Ann. ' 15.031(b) (Vernon
2003).

At trial, C.A.
testified that sometime in the morning on or about January 6, 2004, while near
the coliseum, a well-dressed man in a grey truck approached him, said that he
knew C.A.'s name and address, and that he would pay him $20.00 in exchange for
fellatio.  We have already concluded that
there is other incriminating evidence tending to connect appellant with the
crime and strongly corroborating CA's testimony with respect to the
solicitation itself.








On appeal, appellant
contends that C.A.=s identification of
him as the perpetrator of the offense is weak because (1) C.A. failed to give a
description of common physical characteristics of the perpetrator when the
incident was first reported, (2) there were discrepancies between C.A.=s trial testimony and
his first reports about what the perpetrator was wearing, (3) C.A. testified
that the Dallas Cowboy star decal was located on the driver=s side of the back
window, while C.A.=s father testified
that the star decal was located near the middle of the back window, and (4)
there was a thirty second delay in C.A.=s identification of
appellant in the picture lineup.  In
addition, appellant claims that his testimony denying the charge against him
and the testimony of his alibi witnesses, Aoverwhelm and outweigh
complainant=s weak identification
and to convict him [on] such evidence would be clearly wrong and unjust.@








Our role as an
appellate court is not to re-weigh the evidence; instead, we must defer to the
trial court as the finder of fact.  See
Cain, 958 S.W.2d at 407.  Here, the
trial court was permitted to draw reasonable inferences and deductions from
C.A.=s failure to describe
the physical characteristics of the perpetrator when the incident was first
reported and from C.A.=s thirty second delay
in identifying appellant in the picture lineup. 
See Benavides, 763 S.W.2d at 588‑89.  In addition, it was within the trial court=s province to resolve
any discrepancies in C.A.=s description of what
the perpetrator was wearing and with respect to the location of the star decal
on the back window of the perpetrator=s vehicle.  See Bowden, 628 S.W.2d at 784.  Finally, the trial court was the sole judge
of the credibility of the witnesses, including that of appellant and his alibi
witnesses, and was permitted to accept or reject all or any part of the
evidence presented at trial.  See
Saxton, 804 S.W.2d at 914.

          Therefore,
viewing all of the evidence in a neutral light, Drichas, 175 S.W.3d at
799, and deferring to the fact finder as the exclusive judge of the credibility
of the witnesses and the weight to be given their testimony, Saxton, 804
S.W.2d at 914, we conclude that the evidence is not so obviously weak as to
undermine confidence in the fact finder=s determination and
that the proof of guilt, although adequate if taken alone, is not greatly
outweighed by contrary proof.  Johnson,
23 S.W.3d at 11.  Thus, we conclude the
evidence is factually sufficient to support appellant=s conviction for
criminal solicitation of a minor.  We
overrule appellant=s second issue. 

IV.  Conclusion

Accordingly, we affirm
the judgment of the trial court.

 

 

NELDA V.
RODRIGUEZ

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and 

filed this 6th
day of July, 2006.











[1] A person commits the
offense of criminal solicitation of a minor if,

 

with
intent that an offense under Section 21.11, 22.011, 22.021, or 43.25 be
committed, the person by any means requests, commands, or attempts to induce a
minor or another whom the person believes to be a minor to engage in specific
conduct that, under the circumstances surrounding the actor's conduct as the
actor believes them to be, would constitute an offense under one of those
sections or would make the minor or other believed by the person to be a minor
a party to the commission of an offense under one of those sections.

 

Tex. Pen. Code Ann. '
15.031(b) (Vernon 2003).





[2]We note that appellant only
challenges whether the evidence is sufficient to strongly corroborate the
solicitation itself.  See Tex. Pen. Code Ann. ' 15.031(c) (Vernon 2003). Appellant
does not challenge whether the evidence is sufficient to strongly corroborate
the actor's intent that the minor act on the solicitation.  See id.





[3] The indictment alleged that the
offense occurred on or about January 6, 2004. 
C.A. could not recall the exact date of the offense, but narrowed the
date to January 5th, 6th, or 7th. 
Appellant=s alibi witnesses testified as to
appellant's specific whereabouts during the time the offense occurred with
respect to January 5th and 6th.  With
respect to January 7th, they testified that appellant was required to be at
school for a teacher work day, but that they could not confirm that he was
actually at school during the time of the offense.