## BARRIOS-MACIAS v. MINTON.

### Civ. A. No. 1495.

United States District Court
W. D. Texas, El Paso Division.

Sept. 3, 1953.

Victor B. Gilbert, Homer E. Watkins, El Paso, Tex., for relator.

Francis C. Broaddus, Jr., Asst. U. S. Atty., El Paso, Tex., for defendant.

THOMASON, District Judge.

On the 30th day of July, 1953, came on to be heard the petition for release of relator herein, after the Court had theretofore on July 24, 1953, ordered the defendant herein to produce the body of said relator before this Court and to show cause why the said defendant held the said Ernesto Barrios-Macias in custody and restrained.

"transporting us beyond Seas to be tried for pretended offenses."

him of his liberty. The petitioner appeared in person and by his counsel of record and the defendant appeared by and through Francis C. Broaddus, Jr., Assistant United States Attorney. After considering the pleadings, the evidence and the stipulations introduced at said hearing, and the oral arguments of counsel, the Court took this matter under advisement and gave the parties opportunity to file their trial briefs; and after duly considering same, the Court is of the opinion that the said relator, Ernesto Barrios-Macias, is being held legally in custody and is not being restrained of his liberty and that his release from said custody should in all respects be denied. The Court therefore enters its findings of fact, conclusions of law, and order as follows:

### Findings of Fact.

#### I.

Relator was a native and citizen of Mexico in possession of a resident alien's border crossing card, on December 15, 1952 and December 24, 1952; he obtained entry into the United States on February 6, 1953, by means of the aforesaid card; a warrant of deportation was issued for his arrest under Sections 241(a) (1) and 212(a) (31) of the Immigration and Nationality Act of December 24, 1952, 8 U.S.C.A. §§ 1251(a) (1), 1182(a) (31), which warrant was based solely on the petitioner's entry into the United States as an alien on February 6, 1953.

#### II.

Petitioner was ordered deported and this order was affirmed by the highest immigration hearing bodies, and thus petitioner had exhausted his administrative remedies.

#### III.

The said order of deportation of relator was based on a finding that said relator, on or about December 13, 1952, being an alien, had knowingly and for gain, encouraged, induced, assisted, abetted, and aided another alien, to wit, Melchor Diaz Reyes, to enter the United States in violation of law.

#### IV.

That the Immigration and Nationality Act of 1952 did not become effective until December 24, 1952, which date was subsequent to December 13, 1952.

#### V.

The order of deportation was issued by the defendant, Joseph Minton, District Director, Immigration and Naturalization Service, El Paso, Texas, and the relator herein, Ernesto Barrios-Macias, was held in custody in El Paso, Texas, within the jurisdiction of this Court.

### Conclusions of Law.

#### I.

This Court has jurisdiction over the relator herein and of this cause of action.

#### II.

That the Immigration and Nationality Act of 1952 is not unconstitutional as being an *ex post facto* law; that the *ex post facto* provisions of the Constitution of the United States apply only to criminal proceedings, and that deportation is not a criminal proceeding within the prohibition of said *ex post facto* provisions.

#### III.

That relator herein is being held under a legal and valid order of deportation and that he should in no manner be released therefrom as a result of this cause of action;

#### IV.

That this suit should be dismissed and that the relator should be remanded to the complete legal custody of the defendant herein, Joseph Minton, District Director of Immigration and Naturalization Service, El Paso, Texas, for his further action in the premises.

### Order of the Court.

It appearing to the Court that petitioner has wholly failed to show any illegal imprisonment or restraint of liberty, and that the defendant herein has shown a legal, valid, and binding order of deportation and warrant of arrest for said relator, it is, therefore, ordered, adjudged and decreed by the Court that said relator's cause of action be, and it is hereby, dismissed in all respects; and, further, that said relator be

remanded to the complete legal custody of said Joseph Minton, District Director, Immigration and Naturalization Service, El Paso, Texas, for his further actions in the premises.