**Arthur C. STEERE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 15498.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 18, 1969.

Rehearing Denied Oct. 6, 1969.

Arthur C. Steere, Houston, pro se.

Vincent W. Rehmet, Joe Jaworski, Houston, for appellee.

PER CURIAM.

This is an appeal from a judgment disbarring appellant as an attorney at law subject to his right to apply for reinstatement after the expiration of five years.

On February 6, 1969, appellant filed an instrument entitled "Motion for New Trial". On February 14, 1969, another instrument entitled "Defendant's First Amended Motion for New Trial" was filed. The amended motion for new trial supersedes the original motion. Turnbow Petroleum Corporation v. Fulton, 145 Tex. 56, 194 S.W.2d 256 (1946); Hortenstine v. McKlemurry, 402 S.W.2d 946 (Tex.Civ. App.–Waco 1966, writ ref., n. r. e.); Rule 65, Vernon's Annotated Texas Rules of Civil Procedure. In the consideration of this appeal, therefore, the court cannot consider points raised in appellant's brief which are not based on assignments of error found in his First Amended Motion

---

for New Trial. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960); St. Louis Southwestern Railway Company v. Duke, 424 S.W.2d 896 (Tex.1967); W. T. Grant Company v. Key, 433 S.W.2d 163 (Tex.1968); Garza v. Alviar, 395 S.W.2d 821 (Tex.1965).

In response to the order of this court requiring appellant to rebrief this case because his original brief failed to comply substantially with the rules of civil procedure relating to briefs in cases on appeal, appellant has filed a brief in which he lists twelve points of error. Only two of these points, Numbers 3 and 12, are germane to assignments found in the Amended Motion for New Trial. While these points are multifarious and too general to require consideration, they have been considered and are overruled.

Section 4, Art. 320a–1, Vernon's Annotated Civil Statutes, prescribes the procedure for establishing rules and regulations for disciplining and disbarring attorneys at law, and for prescribing a code of ethics governing the professional conduct of attorneys at law. Appropriate rules and regulations and a Code of Ethics have been adopted as Rules Governing the State Bar of Texas and can be found in Vernon's Texas Civil Statutes, Vol. 1A, p. 203 et seq.

Section 8, Art. XII, of the State Bar Rules provides that professional misconduct shall include barratry, malpractice, any fraudulent or dishonorable conduct, or any willful violation of any canon of ethics contained in the State Bar Rules or amendments thereto.

Section 28 provides that if the court shall find from the verdict of the jury that the defendant is guilty of professional misconduct, he shall determine whether the defendant shall be reprimanded, suspended, or disbarred, and shall enter judgment accordingly.

Section 10 provides that no member shall be reprimanded, suspended or disbarred for misconduct occurring more than four years prior to the time of *filing* of a complaint *with the Grievance Committee,* except that limitation will not run where fraud or concealment is involved until such misconduct is discovered or should have been discovered by reasonable diligence; and that the complaint shall be considered as filed when made in writing to the committee or any member thereof. Evidence of professional misconduct "otherwise barred by limitation" may be introduced before the judge after the trial for his consideration in determining the punishment to be decreed.

Section 21 provides that the Texas Rules of Civil Procedure shall govern the procedure to be followed at such a trial, except where in conflict with specific provisions of the rules and regulations.

The jury found that on or about October 17, 1963, the defendant personally communicated with Dr. James M. Hampton concerning a controversy with one Peter Borden, knowing at the time that Dr. Hampton was represented in the controversy by Arthur L. Forbes. This finding establishes a violation of paragraph 9 of the Canons of Ethics prohibiting a member of the State Bar from communicating in any way upon the subject of controversy with a party represented by counsel.

The jury found that on or about September 16, 1963 defendant signed the names of Wiltha Mae Brown and Lorene Baxter on a legal instrument entitled "Plaintiff's Original Petition" previously filed in the 129th District Court of Harris County, Texas; that such signing was not fraudulent conduct, but that it was dishonorable conduct. The trial court might also have determined that this finding of fact established a violation of paragraph 19 of the Canons of Ethics providing: " * * * A member should deal candidly with the facts * * * in the presentation of causes * * *."

The jury found that on or about December 23, 1964, the defendant solicited

employment as an attorney from Rita Garcia; and that in connection with such solicitation he made a false representation of fact; and that such false representation constituted both fraudulent and dishonorable conduct. This finding of fact, together with undisputed evidence produced at the trial, authorized the trial judge to determine that the defendant had violated paragraph 24 of the Canons of Ethics providing that a member should not solicit professional employment by personal communications or interviews not warranted by personal relations.

The jury found that on or about July 14, 1966, the defendant accepted employment from one Odice Johnson in connection with divorce litigation then pending without the express consent of Norene Johnson, the wife of Odice Johnson. The undisputed testimony shows that the defendant, as attorney for Norene Johnson, filed a suit for her seeking a divorce from her husband, Odice Johnson. After some months Norene Johnson hired another lawyer, who filed a new suit for divorce. When it was discovered that two suits had been filed, they were consolidated. Later at a hearing on a motion Mr. Steere appeared for Odice Johnson. In the petition filed by Mr. Steere for Mrs. Johnson it was alleged that certain property constituted the separate property of Mrs. Johnson. After Mr. Steere was discharged by Mrs. Johnson and accepted employment as attorney for Mr. Johnson, he secured from Mr. Johnson an assignment of a portion of Johnson's interest in his property as a fee for the legal services to be performed. The consolidated suit was dismissed and a new suit was filed by Mrs. Johnson. Mr. Steere represented Mr. Johnson in this suit, in which a divorce was finally granted.

The jury finding on this matter, together with undisputed evidence contained in the pleadings and exhibits introduced into evidence, authorized the trial judge to conclude that Mr. Steere had violated Canon 6, with which he was charged, and

the trial court could have also concluded that he violated Canon 34, providing: "The duty to preserve his client's confidence outlasts the member's employment, and extends as well to his employees; and neither of them should accept employment which involves the disclosure or use of these confidences, either for the private advantage of the member or his employees or to the disadvantage of the client, without his knowledge and consent, and even though there are other available sources of such information * * *."

The jury found that "On or about January 27, 1966, defendant, Arthur C. Steere, signed an instrument, intended to be filed, entitled 'Plaintiffs' Original Petition for Divorce' in a lawsuit entitled 'James Bedford Sample vs. Noba Dean Sample', which instrument had been prepared by one J. C. Kesterson." Similar findings were made concerning instruments entitled "Luke J. Russo vs. Annie L. Russo", and "Miriam Charlotte Minderhout vs. James Richard Minderhout." The jury then found that these instruments were not prepared under the supervision and direction of the defendant, and that he divided fees with J. C. Kesterson in each instance. It is undisputed that J. C. Kesterson is not a licensed attorney at law. The trial court could have properly concluded that these facts established a violation by Arthur C. Steere of Canons Nos. 31 and 43. Canon 31 prohibits a lawyer dividing fees with anyone except, under certain conditions, another lawyer, with one exception not material here. Canon 43 provides: "No member shall permit his professional services or his name to be used in aid of, or to make possible, the practice of law by any person not a member of the State Bar."

These findings of fact are adequately supported by the evidence in the record. In support of the judgment of the trial court it will be presumed that he found the defendant, Arthur C. Steere, guilty of fraudulent conduct, of dishonorable conduct,

and of the willful violation of the Canons of Ethics mentioned, thus finding him guilty of professional misconduct. The decision as to whether the defendant should be reprimanded, suspended, or disbarred is left to the discretion of the trial judge. After considering the entire record, we cannot say that the trial judge abused his discretion.

The judgment of the trial court is affirmed.