Arthur C. STEERE, Appellant,

v.

STATE BAR OF TEXAS, Appellee.

No. 15722.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 1971.

Rehearing Denied March 18, 1971.

Arthur C. Steere, Channelview, for appellant.

Vincent W. Rehmet, Houston, for appellee.

PER CURIAM.

This is an appeal from the granting of a summary judgment. Appellant is a disbarred attorney. He brought suit below in the nature of an action for a declaratory judgment seeking to have his "relation-

ship" with the State Bar interpreted. Appellant seeks an adjudication concerning the constitutionality of Art. XII, § 32 of the "Rules Governing the State Bar of Texas" found in Volume 1A of Vernon's Texas Civil Statutes, following art. 320a–1, claiming it violates the Due Process Clauses of the Federal and State Constitutions. In his prayer, appellant seeks "reinstatement instanter". The State Bar, through its attorney, filed a motion for summary judgment, which was granted after due notice and hearing. Appellant has perfected his appeal to this court.

Appellant was disbarred on January 31, 1969 and prohibited from practicing law or holding himself out as a lawyer subject to his right to apply for reinstatement after the expiration of five years. The judgment of disbarment was rendered following a trial to a jury as contemplated by Art. XII, § 28 of the State Bar Rules. The judgment was affirmed on appeal and the Supreme Court dismissed the application for a writ of error. Steere v. State, 445 S.W.2d 253 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ dism'd).

Appellant has filed a "Motion for Re-instatement", which motion was deferred on appellee's motion until February 1, 1974 or thereafter, at which time the five year period of Art. XII, § 32 of the State Bar Rules will have run.

The pertinent language of Art. XII, § 32 of the State Bar Rules is:

"At any time after the expiration of five years from the date of final judgment of disbarment of a member, he may petition the District Court of the County of his residence for reinstatement."

■ Appellant's first three points of error in his brief all deal in one way or another with purported errors in the trial and appeal of his original disbarment proceeding. Appellant admits this in his brief. As such they are not properly before this court, having been decided in Steere v. State, supra, or waived when not properly presented in the previous appeal.

■ Appellant's fourth point of error complains of the deferral of consideration of his Motion for Re-instatement. No such question is properly before this court on appeal from a summary judgment in a declaratory judgment action.

■ Appellant's fifth and sixth points of error attack the refusal of the trial court to review and declare unconstitutional the "quantum of punishment" assessed against him. In other words, appellant is urging that Art. XII, § 32 of the State Bar Rules is unconstitutional in that it violates due process.

Appellant urges that the language of Section 32 is permissive, not mandatory, and that a judgment decreeing a five year disbarment · is unconstitutional. When Section 32, which is the reinstatement section, is construed in light of Section 28, which is the penalty section, appellant's contentions are shown to be groundless. Section 28 allows the trial judge three alternatives if the defendant is found guilty. The defendant can be " * * * (a) reprimanded, or (b) suspended from practice (in which case he shall fix the term of suspension), or (c) disbarred * * *." In viewing (b) and (c) which are the two provisions which require an attorney to stop practicing law, the parenthetical expression in (b) is important. It indicates that the judge must fix the term of suspension. The absence of such a similar parenthetical phrase in (c) would indicate that no such judicial discretion was intended once the decision to disbar the defendant was made.

The constitutionality of the State Bar Rules, and particularly Art. XII, Sec. 28 was presented to this court by Point of Error No. 12 in Steere v. State, supra, and overruled. Further, the validity of the State Bar Rules has been upheld in Fulmer v. State of Texas, 445 S.W.2d 547 (Tex. Civ.App.—Forth Worth 1969, writ ref'd, n.

r. e.) and in Hicks v. State of Texas, 422 S.W.2d 539 (Tex.Civ.App.—Houston [14th District] 1967, writ ref'd, n. r. e.). Appellant's fifth and sixth points of error are overruled.

Appellant admits in his brief that his action for a declaratory judgment was an attempt to gain reinstatement to the Bar. As a matter of law, he is ineligible for reinstatement until after the expiration of five years from the date of his disbarment. There being no issue of material fact raised in appellant's action for declaratory judgment, the motion for summary judgment was properly granted.

Judgment affirmed.