The **STATE BAR OF TEXAS**,
Appellant,

v.

**G.A. SUTHERLAND, Appellee.**

No. 08–88–00109–CV.

Court of Appeals of Texas,
El Paso.

Feb. 8, 1989.

Rehearing Denied March 8, 1989.

Steven D. Peterson, Gen. Counsel, State Bar of Texas, Linda Acevedo, Asst. Gen. Counsel, Austin, for appellant.

H. Davidson Smith, III, El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

The State Bar of Texas, Appellant herein, appeals from a judgment reinstating the license of Appellee, Glen A. Sutherland, to practice law after disbarment resulting from a felony conviction. Trial was to the court "without aid of jury." We reverse and remand.

The undisputed facts are as follows: Appellee was disbarred from the practice of law on April 5, 1982, under the provisions of Article 320a–1, State Bar Act, Tex.Rev. Civ.Stat.Ann. (Vernon 1973) and Article 12, Sections 9 and 28 of the State Bar Rules then in effect (Tex.Rev.Civ.Stat.Ann. (Vernon 1973)), following conviction of a felony offense involving moral turpitude. Appellee was sentenced to serve two years in prison, which sentence he completed on December 5, 1983. Appellee filed his application for reinstatement on October 22, 1987, a date after the expiration of five years from the date of final judgment of disbarment but less than five years from the date of completion of sentence. Following the satisfactory resolution of a default judgment by an agreed order granting a new trial, not here important, Appellant filed a plea of abatement, which was subsequently denied and judgment was rendered reinstating Appellee's right to practice law.

The State Bar's sole point of error is that the trial court erred in applying the State Bar Rules pertaining to reinstatement in effect at the time of Appellee's disbarment (State Bar Rules, Title 14 App., Article 12, Sections 32 and 33, Tex.Rev.Civ.Stat.Ann. (Vernon 1973),[1] rather than the rules in effect at the time Appellee filed his petition for reinstatement (State Bar Rules, Title 2, Subt. G App., Article 10, Sections 28 and 29, Tex.Gov't.Code Ann. (Vernon 1988).[2]

1. Article 12, Section 32, State Bar Rules, Title 14 App., Tex.Rev.Civ.Stat.Ann. (Vernon 1973), provides as follows:

   "At any time after the expiration of five years from the date of final judgment of disbarment of a member, he may petition the District Court of the county of his residence for reinstatement. The petition shall allege in substance that petitioner at the time of filing is of good moral character, and since his disbarment, has been living a life of generally good conduct, and that he has made full amends and restitution to all persons, if any, naming them, who may have suffered pecuniary loss by reason of the misconduct for which he was disbarred. The petition shall state the name and address of the Chairman of the District Grievance Committee and the name and address of the Secretary of the State Bar."

2. Article 10, Sections 28 and 29, State Bar Rules, Title 2, Subt. G App., Tex.Gov't.Code Ann. (Vernon 1988), provide as follows:

"Section 28.   Reinstatement After Disbarment
(A) Eligibility and Venue.  A disbarred attorney may, at any time after the expiration of five (5) years from the date of final judgment of disbarment or acceptance of resignation, apply to the district court of the county of his or her residence for reinstatement.  Provided, however, that when the attorney has been disbarred or has resigned based upon conviction of a criminal offense, such person may not make application for reinstatement until five (5) years from the date of completion of sentence."  (Remainder of Section 28 relating to contents of petition, applicant's duty to amend, reinstatement after resignation, and burden of proof are omitted.)
"Section 29.   Notice, Hearing, and Judgment
(A) Generally.  After the filing of the application in the district court, the Texas Rules of Civil Procedure shall govern the procedure in all proceedings for reinstatement except where in conflict with specific provisions hereof.  All questions of fact and law in such proceedings for reinstatement shall be determined by the court without the aid of a jury.

Under Section 32 of the old reinstatement rule, the disbarred attorney had the right at any time after the expiration of five years from the date of the final disbarment judgment, to petition for reinstatement, alleging that he was of good moral character and since his disbarment, had been living a life of generally good conduct, and that he had made full restitution to anyone damaged by his previous conduct. If the court was satisfied that the material allegations in the petition were true and that the ends of justice would be subserved, the court could reinstate the petitioner.

Under Section 28 of the current rules, the disbarred attorney who had been convicted of a criminal offense, may make application for reinstatement only after five years from the date of completion of sentence. His petition must be verified and must allege a number of specific matters touching on his status and activities during the period of his disbarment. If the court is satisfied after hearing, the court may enter judgment authorizing the applicant to be reinstated upon his passing a regular bar examination.

The State Bar contends that the rules which provide for reinstatement are procedural in nature and specifically, that Sections 32 and 33 of the old Article 12 were repealed by the Order of the Supreme Court of Texas,[3] effective March 1, 1984,

(B) **Reinstatement; Relevant Factors.** In determining the applicant's fitness for reinstatement, in addition to any other relevant matters, the court may consider evidence concerning the nature and degree of misconduct for which applicant was disbarred and the circumstances attending the offense, his or her understanding of the serious nature of the acts for which he or she was disbarred, his or her conduct during the disbarment proceedings, the profit to the applicant and injury or hardship to others, his or her attitude toward the administration of justice and the practice of law, any unauthorized practice of law prior to reinstatement, the attorney's good works or other accomplishments, and any other evidence which is relevant to the issues of the applicant's fitness to practice law and the likelihood that applicant will not engage in further misconduct.

(C) **Notice.** Notice of an application for reinstatement shall be served on counsel and the chairman of the grievance committee that took final action leading to disbarment, by mail in accordance with Rule 21a, Texas Rules of Civil Procedure, and shall be published in the **Texas Bar Journal.**

(D) **Judgment; Conditions.** If the court is satisfied after hearing all of the evidence both for and against the applicant, that all the material allegations are true and that the ends of justice will be served, the court may enter judgment authorizing the applicant to be reinstated upon his or her obtaining of a passing grade on a bar examination regularly administered by the Texas Board of Law Examiners within eighteen (18) months from the date of judgment.

Said judgment shall direct the Board of Law Examiners to admit the applicant to a regularly scheduled examination and to process applicant's examination in accordance with that Board's rules and procedures relating to the examination of attorneys who are licensed in foreign jurisdictions. No judgment of reinstatement shall be entered by default, but the court

in all cases shall hear evidence on such application before rendering judgment. If, after hearing all of the evidence, the court determines that the applicant is not entitled to reinstatement at that time, the court may, in its discretion either enter a judgment denying the petition or may direct that the petition be held in abeyance for a reasonable period of time until the applicant provides additional proof that he or she has satisfied the requirements of these rules. The court's judgment may include such other and further orders as protection of the public and applicant's potential clients may require. (Remainder of Section 29 relating to appeal, readmission, denial and subsequent eligibility is omitted.)

3. The Order of the Supreme Court of Texas of March 1, 1984, provides in part as follows:

"NOW, THEREFORE, IT IS ORDERED that Sections 1–7 and 9–36, of Article XII and Article XIII of the Rules Governing the State Bar of Texas be, and they are hereby repealed, and that Article X, attached hereto and incorporated herein by reference, be and it is hereby adopted and promulgated in lieu of the above sections and article as a part of the State Bar Rules.

"It is further ORDERED that Section 8 of Article XII of the Rules Governing the State Bar of Texas (The Texas Code of Professional Responsibility) is hereby restated, continued, and promulgated as Section 9 of Article X of the attached State Bar Rules.

"It is further ORDERED that Section 8 of Article XII of the Rules Governing the State Bar of Texas (The Texas Code of Professional Responsibility) is hereby restated, continued, and promulgated as Section 9 of Article X of the attached State Bar Rules.

"It is further ORDERED that the substantive provisions of Sections 7, 27, and 30(A)(2) of Article X, hereinabove promulgated, shall apply to conduct occurring on and after the effective date of this Order. Conduct occurring before

which adopted the current rules providing for reinstatement after disbarment in Section 28 of Article 10. The order repealing old Article 12 and adopting new Article 10 contained a "saving clause" providing that conduct occurring before March 1, 1984, "shall continue to be governed by the provisions of Section 9" of old Article 12 as it existed before the adoption of the current rules. Section 9 relates primarily to the definition of professional misconduct, not at all to the reinstatement of a disbarred attorney. The Order further states that all provisions of new Article 10, other than Section 9 of former Article 12 are effective on March 1, 1984. The new rules provide a disbarred attorney with a remedy and a procedure to follow in order to obtain reinstatement, just as did the old rules.

■ Appellee argues that the right to apply for reinstatement is substantive because it adds to his punishment, e.g., by lengthening the time and requiring him to pass the bar examination, and that therefore he had a right to apply under old Article 12. Appellee contends that both the old and new rules are substantive in effect because their primary purpose is for punishment of an offending attorney and that to apply the new rules, which are clearly more onerous in Appellee's case, to Appellee who was disbarred prior to the adoption of such rules would amount to a bill of attainder, retroactive law and ex post facto additional punishment for conduct for which he has previously been punished. However, disciplinary actions are procedural, not penal, in nature and a resulting suspension or disbarment, though it may be viewed by the offending attorney as punishment, is intended primarily to protect the court and the public. *Bryant v. State*, 457 S.W.2d 72 (Tex.Civ.App.—Eastland 1970, writ ref'd n.r.e.). Ex post facto provisions of the U.S. Constitution apply only in criminal situations. *Barrios–Macias v. Minton*, 114 F.Supp. 470 (W.D.Tex.

1953). A bill of attainder is any legislative act that inflicts punishment without a judicial trial and is not at all applicable to the State Bar Rules dealing with reinstatement. Disciplinary actions are civil rather than criminal in nature. *Polk v. State Bar of Texas*, 480 F.2d 998 (5th Cir.1973). The current rules state that disciplinary actions are civil in nature and are to be governed by the Texas Rules of Civil Procedure. Article 10, Sec. 16, State Bar Rules. The cases of *Ex parte Alegria*, 464 S.W.2d 868 (Tex.Crim.App.1971) and *Ex parte Rutledge*, 741 S.W.2d 460 (Tex.Crim.App.1987), cited variously in the trial court's conclusions of law and in appellee's brief, dealt with the ex post facto applications of laws changing the eligibility for parole of prison inmates and are not applicable to a civil case such as this.

■ Appellee has stressed that an attorney's license to practice law is a "vested right" or a valuable property right that could be taken from the attorney only through the exercise of the police powers of the state, and we would add, by due process of law. Appellee cites several U.S. Supreme Court cases in support of this proposition, with which we agree. In this case, however, Appellee had been disbarred and his license and right, vested or otherwise, to practice had been taken from him under the law and rules then in effect. The disbarment itself is not here attacked nor could it be. Though disbarred, did he retain a property right to seek reinstatement under the then existing rules so that as to him, they could not be changed? We think not. A right to be vested must be more than a mere expectation based on the continuance of an existing law. *Aetna Insurance Company v. Richardelle*, 528 S.W.2d 280 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). Appellee had at most an expectation that, under the old rules, at a certain time, he would then have the right to apply for reinstatement. He

the effective date of this Order shall continue to be governed by the provisions of Section 9 of former Article XII as it existed prior to the effective date of this Order and to that extent and for such purpose, former Article XII is continued in effect. For the purpose of this

Order conduct is committed after the effective date of this Order if any element of such conduct occurs after the effective date hereof. All other provisions of Article X, attached hereto, are effective on and after the effective date hereof."

still has that right under the new rules. The provisions of the rules relating to reinstatement are somewhat analagous to provisions of the law relating to venue, which are procedural, and to rules of evidence, both of which may be amended and put into effect immediately even though they may take away prior remedies or affect prior rights, providing that they do not leave the person affected without any substantial remedy. *MacWhyte Company v. Gonzalez,* 688 S.W.2d 205 (Tex.App.—El Paso 1985, no writ); *Graue–Haws v. Fuller,* 666 S.W.2d 238 (Tex.App.—El Paso 1984, no writ); *Church v. Crites,* 370 S.W.2d 419 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.).

The trial court made numerous findings of fact and conclusions of law. Most of these have been considered above. *Lipman v. Van Zant,* 329 F.Supp. 391 (N.D. Miss.1971), is a case not previously considered, cited in the conclusions of law and in the briefs for the proposition that any state classification in connection with the right to apply for a law license must "have a rational connection with an applicant's fitness or capacity to practice," holding that a one year residency requirement before an applicant could apply to take the bar examination was too long and therefore unconstitutional. That case had to do with lawyers who were applying for the first time to take the bar examination and become licensed to practice law. The length of time a person who has been disbarred following his conviction of a felony offense involving moral turpitude presents an entirely different problem. The constitutionality of the current reinstatement rules has not been raised. However, the five year waiting period of the old reinstatement rule (Art. 12, Sec. 28), was found not to be unconstitutional in *Steere v. State Bar of Texas,* 464 S.W.2d 732 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ dism'd). The reinstatement rules, including the five year waiting period, as they apply to an attorney who has been disbarred, appear to be directly and rationally related to the question and determination of that attorney's fitness, ability and character once again to practice law.

For the foregoing reasons, we conclude that the trial court erred by applying the reinstatement rules that had been repealed rather than the current rules and, thus, we sustain Appellant's point of error. Since it appears from the undisputed facts that Appellee is now eligible to apply for reinstatement under Article 10, Section 28 of the current rules, we reverse and remand the case to the trial court for further proceedings consistent with this opinion and the law.