**Jonathan Albert LEAL, Appellant**

**v.**

**The STATE of Texas**

**PD–1638–14**

Court of Criminal Appeals of Texas.

Delivered: March 25, 2015

Mark W. Stevens, Galveston, for Appellant.

Stacey Goldstein, for State.

### *OPINION*

Per Curiam.

Appellant was stopped for a traffic violation and was ultimately arrested for driving while intoxicated. The arresting officer determined that appellant had two prior DWI convictions, and transported him to a hospital where a warrantless blood draw was taken pursuant to Texas Transportation Code section 724.012(b)(3)(B).

Appellant filed a motion to suppress evidence, challenging the legality of the stop.

Appellant also filed an amended motion to suppress evidence, challenging the warrantless blood draw on Fourth Amendment grounds. A hearing was held on the motion to suppress complaining of an illegal stop, and the trial court denied the motion. That hearing did not pertain to appellant's amended motion to suppress.

At trial, the DPS chemist who analyzed appellant's blood testified to the results of the blood draw which reflected that appellant's blood-alcohol content was nearly three times the legal limit. After conviction and sentence, appellant filed a motion for new trial asserting various grounds. Several days later, appellant filed an amended motion for new trial alleging that the trial court erred by "declining to suppress the results of the mandatory blood draw." The trial court held a hearing on the new trial motion and denied it.

Appellant challenged the warrantless blood draw on appeal. The court of appeals concluded that given the absence of a warrant, the absence of exigent circumstances, and the absence of valid consent, the State did not establish that the warrantless blood draw was reasonable under the Fourth Amendment or that a recognized exception to the warrant requirement applied. *Leal v. State,* 452 S.W.3d 14 (Tex.App.-Houston [14th Dist.] 2014). The court held that the trial court erred in denying appellant's motion for new trial, and reversed and remanded for a new trial.

 The State has filed a petition for discretionary review challenging the court of appeals' holding that the implied consent and mandatory blood draw provisions in the Texas Transportation Code do not amount to a recognized exception to the warrant requirement under the Fourth Amendment. In considering the State's

petition, it has come to our attention that there may be a question whether appellant adequately preserved for review his Fourth Amendment complaint regarding the warrantless blood draw. A court of appeals must issue a written opinion "that addresses every issue raised and necessary to final disposition of the appeal." TEX. R.APP. P. 47.1. Issues of procedural default are systemic and must be reviewed by the courts of appeals, even when the issue is not raised by the parties. *Gipson v. State,* 383 S.W.3d 152, 159 (Tex.Crim. App.2012). "An appellate court 'may not *reverse* a judgment of conviction without first addressing any issue of error preservation.'" *Id.* (emphasis in original) (quoting *Meadoux v. State,* 325 S.W.3d 189, 193 n.5 (Tex.Crim.App.2010)).

We therefore grant review of the decision of the court of appeals on our own motion, vacate the judgment of the court of appeals, and remand this case to that court address whether appellant preserved his claim that the warrantless blood draw violated his Fourth Amendment rights.[1] TEX.R.APP. P. 67.1.

Alcala, J., dissented.

---

1. We refuse the State's petition for discretionary review without prejudice.