**REVERSED; and Opinion Filed June 15, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00064-CR

### EX PARTE RYAN EDWARD SCHULLER

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX13-90021-U**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

The State of Texas appeals the trial court's order granting appellee Ryan Edward Schuller's application for writ of habeas corpus. In two issues, the State contends that the trial court erred in granting relief because appellee could not raise his search-and-seizure complaint for the first time in a writ application and the new rule of law appellee relied upon in bringing his writ application does not apply retroactively to appellee's case on collateral review. We reverse.

### BACKGROUND

Appellee and his co-defendant, Eliana Saucedo,[1] were charged with possession of marijuana in an amount of five pounds or less but more than four ounces after police searched their residence and discovered the marijuana. Police procured the warrant authorizing the search solely on the basis of an alert at appellee's garage door by a drug sniffing dog that an officer had

---

[1] Saucedo brought an identical writ application that is on appeal before this Court under cause no. 05-15-00065-CR.

brought on to appellee's property without appellee's permission. At the time appellee's residence was searched, three intermediate Texas appellate courts had concluded that a canine free-air sniff like the one in this case did not violate the Fourth Amendment's prohibition against unreasonable search and seizure. *See Romo v. State*, 315 S.W.3d 565, 573 (Tex. App.—Fort Worth 2010, pet. ref'd); *Rodriguez v. State*, 106 S.W.3d 224, 228–30 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); *Porter v. State*, 93 S.W.3d 342, 346–47 (Tex. App.—Houston [14th Dist.] 2002, pet ref'd) (op. on reh'g).

Before trial, appellee filed a motion to suppress the marijuana and other evidence seized but the trial court did not rule on the motion. Instead, on July 20, 2012, appellee entered a negotiated plea of guilty to the offense. Pursuant to the plea bargain, the trial court deferred adjudication of appellee's guilt, placed him on community supervision for three years, and assessed a fine of $1,500. As part of the plea bargain, appellee waived his right to appeal.

On March 26, 2013, the United States Supreme Court issued an opinion holding that deploying drug sniffing dogs to sniff the air within the curtilage area "immediately surrounding and associated with the home" violates the Fourth Amendment's prohibition against unreasonable search and seizure. *See Florida v. Jardines*, 569 U.S. ___, 133 S.Ct. 1409, 1414, 1417–18 (2013).

After *Jardines* was issued, appellee filed an application for writ of habeas corpus contending that the new rule pronounced by *Jardines* invalidates his conviction. During the writ hearing, the State conceded that in a current motion to suppress or in a current direct appeal, a defendant would be successful in excluding evidence obtained as a result of a canine free-air sniff under the circumstances presented in this present case. *See, e.g.*, *Rivas v. State*, 411 S.W.3d 920, 921 (Tex. Crim. App. 2013) (per curiam) (vacating and remanding in light of *Jardines*

appellate court judgment that affirmed denial of motion to suppress evidence obtained as result of dog sniff at defendant's front door). The trial court granted relief to appellee.

## STANDARD OF REVIEW

An applicant seeking habeas corpus relief must prove his or her claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order granting habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and we will uphold the trial court's ruling absent an abuse of discretion. *See Kniatt*, 206 S.W.3d at 664. We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We likewise defer to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *See id.*

## ISSUE ONE

In its first issue, the State argues that appellee's search-and-seizure complaint is not cognizable in a writ of habeas corpus. More specifically, the State contends that appellee has forfeited his search-and-seizure complaint by entering a guilty plea and waiving his right to direct appeal. In other words, the State contends that appellee should have pursued remedies for the alleged constitutional violation in the trial court and then on direct appeal. Appellee responds that the basis of his habeas complaint was not available at the time of his trial and that his constitutional complaint is cognizable in the habeas proceeding.

Habeas corpus is an extraordinary remedy for situations in which there is no other adequate remedy at law. *Ex parte Cruzata,* 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). It is reserved for those instances in which there is a jurisdictional defect in the trial court that renders the judgment void, and where there has been a denial of fundamental or constitutional rights. *Ex parte Sanchez,* 918 S.W.2d 526, 527 (Tex. Crim. App. 1996). An applicant may not use the writ of habeas corpus to challenge matters that could have been raised on direct appeal. *Cruzata*, 220 S.W.3d at 520. The court of criminal appeals has sought to "draw stricter boundaries regarding what claims may be advanced on habeas." *Ex parte Richardson*, 201 S.W.3d 712, 713 (Tex. Crim. App. 2006).

As in direct appeals, a party may be required to preserve in the trial court certain types of constitutional error in order to raise a complaint regarding the error in a habeas application. *See Garza v. State*, 435 S.W.3d 258, 261–62 (Tex. Crim. App. 2014); *Ex parte Jimenez*, 364 S.W.3d 866, 882 (Tex. Crim. App. 2012). To preserve a complaint for appellate review, a party must make a timely objection or motion stating the specific grounds for the complaint and obtain a ruling from the trial court. *See* TEX. R. APP. P. 33.1(a).

Whether an applicant must comply with rule 33.1's preservation requirements depends upon what type of right the applicant seeks to assert. The court of criminal appeals created a comprehensive framework for the evaluation of unpreserved error in *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). *See Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App. 2003). *Marin* assigned a defendant's rights to one of three categories: (1) absolute requirements and prohibitions that cannot be waived; (2) waivable rights; and (3) forfeitable rights. *Marin*, 851 S.W.2d at 279–80. Only the third category requires that error be preserved in the trial court

before the complaint can be raised on appeal or in a habeas proceeding. *See Garza*, 435 S.W.3d at 260–61; *Marin*, 851 S.W.2d at 279. The assertion that evidence should be suppressed because it was obtained in violation of an applicant's Fourth Amendment rights falls within the third *Marin* category of forfeitable rights and must be preserved in the trial court. *See Segurola v. United States*, 275 U.S. 106, 112 (1927); *Leal v. State*, 456 S.W.3d 567, 568 (Tex. Crim. App. 2015) (per curiam); *Salas v. State*, 486 S.W.2d 956, 957 (Tex. Crim. App. 1972).

## ANALYSIS

In its findings of fact, the trial court cited two cases and concluded that at the time appellee entered his plea, his failure to raise the search-and-seizure claim was excused because the basis of the claim was not reasonably available. *See Ex parte Boyd*, 58 S.W.3d 134, 136 (Tex. Crim. App. 2001); *Ex parte Goodman*, 816 S.W.2d 383, 385 n.4 (Tex. Crim. App. 1991). *Boyd* and *Goodman* are exemplars of an older line of cases in which a "right not recognized" exception allowed an appellant or habeas applicant to assert a constitutional violation despite not adhering to the general rules for preserving error in situations where, at the time of trial, the basis of the claim was so novel that it was not reasonably available or if the law was so well settled by the court of criminal appeals that asserting it at trial would have been futile. *See Black v. State*, 816 S.W.2d 350, 367–69 (Tex. Crim. App. 1991) (Campbell, J., concurring); *Ex parte Chambers*, 688 S.W.2d 483, 485–86 (Tex. Crim. App. 1984) (Campbell, J., concurring). In this case, however, the issue of whether the open-air sniff violated the Fourth Amendment had only been addressed by three of our sister intermediate courts and had not been decided by the court of criminal appeals. Moreover, *Marin* generally eliminated the "right not recognized" exception. *See Sanchez*, 120 S.W.3d at 367. We conclude that appellee was required to preserve his search-and-seizure complaint by bringing it to the trial court's attention and obtaining a ruling in

accordance with rule 33.1. *See Leal*, 456 S.W.3d at 568; *Garza*, 435 S.W.3d at 260–61; *Sanchez*, 120 S.W.3d at 367.

The record in this case reflects that appellee filed a motion to suppress the drug evidence specifically alleging that the search of his residence was conducted without probable cause and without a valid warrant in violation of his Fourth Amendment rights. The record does not show that appellee ever pressed the motion and obtained a ruling. During the habeas hearing, trial counsel spoke to the trial court about the options appellee faced at trial:

> We did file in this case a Motion to Suppress based on the illegal constitutional search, but in discussions with the Court, your predecessor, she was not willing to hold the case in abeyance until the U.S. Supreme Court ruled [in *Jardines*] because that would have taken nine to ten more months. And so a plea deal was worked out based upon the then Texas law clearly stating that a free-air sniff was good.

By choosing the strategic option to accept a plea bargain rather than pursue a ruling on his motion to suppress, appellee has forfeited his right to complain in a habeas application about the unconstitutional process used to obtain the evidence against him. *See* TEX. R. APP. P. 33.1; *Marin*, 851 S.W.2d at 279–80; *see generally Brady v. United States*, 397 U.S. 742, 757 (1970) ("[A] voluntary plea of guilty intelligently made in the light of then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."). We resolve the State's first issue in its favor.

Because appellee did not preserve the search-and-seizure complaint at issue in his application for writ of habeas corpus, the trial court abused its discretion in granting appellee relief. *See Kniatt*, 206 S.W.3d at 664. And because our resolution of the State's first issue is dispositive, we need not consider the State's second issue. *See* TEX. R. APP. P. 47.1.

We reverse the trial court's order granting relief on appellee's application for writ of habeas corpus, and we render judgment reinstating the order of deferred adjudication in this case.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

150064F.U05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

EX PARTE RYAN EDWARD SCHULLER

No. 05-15-00064-CR

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. WX13-90021-U.
Opinion delivered by Justice Lang-Miers.
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the order of the trial court granting relief on appellee's application for writ of habeas corpus is **REVERSED**, and we render judgment reinstating the order of deferred adjudication in this case.

Judgment entered this 15th day of June, 2015.