**Reversed and Remanded and Majority and Concurring Opinions on Remand filed June 25, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00208-CR

---

### JONATHAN ALBERT LEAL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 12CR0947**

---

# C O N C U R R I N G   O P I N I O N   O N   R E M A N D

Appellant moved to suppress evidence of his blood-alcohol concentration by challenging the legality of a traffic stop that eventually led to his arrest for driving while intoxicated (DWI). Appellant later amended his motion to suppress to challenge the warrantless blood draw on Fourth Amendment grounds. On original submission and over my dissent, this court reversed appellant's DWI conviction

and remanded for a new trial.[1]  Addressing an issue of first impression in this court, the majority concluded that the trial court should have suppressed evidence of appellant's blood-alcohol content because law enforcement officers obtained the evidence by means of a warrantless blood draw, which violated appellant's Fourth Amendment right to be free from unreasonable searches and seizures.[2]

On its own motion, the Court of Criminal Appeals granted review of this court's decision, vacated the judgment, and remanded with instructions for this court to address whether appellant preserved error on his claim that the warrantless blood draw violated his Fourth Amendment rights.[3]  On remand, the majority concludes that appellant preserved error, that the trial court's judgment should be reversed, and that the case should be remanded for a new trial.  I agree, but for different reasons.

### Preservation-of-Error Analysis

Appellant preserved error by making a timely, specific complaint in the trial court and securing an adverse ruling.[4]  Specifically, appellant moved the trial court to suppress evidence of his blood-alcohol content, identifying grounds for this relief in a written motion to suppress. Before the suppression hearing, appellant amended the motion to include additional grounds for relief.  Though the parties' arguments at the hearing focused on another ground in the motion, to preserve error a movant need not discuss all the grounds at the hearing.[5]  All that is required

---

[1]*See Leal v. State*, 452 S.W.3d 14, 32 (Tex. App.—Houston [14th Dist.] 2014), *vacated*, 456 S.W.3d 567 (Tex. Crim. App. 2015).

[2]*Id.*

[3]*Leal v. State*, 456 S.W.3d 567, 568 (Tex. Crim. App. 2015).

[4]*Thomas v. State*, 408 S.W.3d 877, 882 (Tex. Crim. App. 2013); *Fuller v. State*, 827 S.W.2d 919, 928 (Tex. Crim. App. 1992).

[5]*Eisenhauer v. State*, 754 S.W.2d 159, 160–61 (Tex. Crim. App. 1988), *overruled on*

is specificity, timeliness, and an adverse ruling.  The record establishes all three.

## *Specificity*

Among the grounds for suppression appellant identified in the amended motion is appellant's assertion that the warrantless blood draw was taken pursuant to a Texas statute that, as applied, violated the Fourth Amendment.[6]  The Court of Criminal Appeals recognized that appellant's amended motion contains a challenge to the warrantless blood draw on Fourth Amendment grounds.[7]  By including this ground in his amended motion to suppress, appellant identified his Fourth Amendment complaint with sufficient specificity to preserve error on the claim.[8]

---

*other grounds by Heitman v. State*, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991); *Cisneros v. State*, 290 S.W.3d 457, 462–63 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd); *Vicknair v. State*, 670 S.W.2d 286, 288 (Tex. App.—Houston [1st Dist.] 1983), *aff'd*, 751 S.W.2d 180, 187–90 (Tex. Crim. App. 1988).

[6]Appellant's amended motion states:

<u>Challenge to Mandatory Blood Draw</u>

The State is apparently relying on a blood draw taken without a warrant under Texas Transportation Code Sec. 724.011, as amended in 2009.  The Amendment purports to provide that a mandatory blood draw may be taken where an officer has credible evidence that an individual has been previously convicted twice of DWI.

The subject amendment to Sec. 724.011 is unconstitutional on its face and as applied, as a violation of the U.S. Constitution, Amd. VIII, which prevents unreasonable searches and seizures.

Appellant's curious reference to the Eighth Amendment does not impact the preservation-of-error analysis because it is apparent from the context that appellant meant the Fourth Amendment.  Although appellant stated that Section 724.011 violated the Eighth Amendment, appellant's argument was that taking a warrantless blood draw as required by the statute violated his right under the United States Constitution to be free from unreasonable searches and seizures, and this right is set forth in the Fourth Amendment to the United States Constitution.  *See* U.S. Const. amend. IV.  The motion contains no Eighth Amendment arguments, and the odd reference appears to be a typographical error.

[7]*See Leal*, 456 S.W.3d at 568.

[8]*See Thomas*, 408 S.W.3d at 882.

## *Timeliness*

The record shows the following chronology of events relevant to the preservation-of-error analysis:



At the time of the hearing, the only live motion pending before the trial court was the amended motion to suppress.[9] The moment appellant filed the amended motion, the original motion ceased to exist. In the context of legal pleadings and motions, an amended instrument is a substitute for the original; the old and new instruments do not co-exist—the latter takes the place of the former. This defining

---

[9]In its opinion, the Court of Criminal Appeals stated that the suppression hearing pertained to the original motion to suppress rather than the amended motion to suppress. *Leal*, 456 S.W.3d at 568. Nothing in the record suggests that appellant withdrew the amended motion or that appellant refiled the original motion, or that appellant took any other action that might arguably have brought the superseded motion back to life. The amended motion contained all of the grounds asserted in the original motion as well as additional grounds. The suppression hearing focused on a *ground* contained in the original motion, but at the time of the hearing the original motion was a nullity, having been replaced by operation of law upon the filing of the amended motion, which also contained the ground that was the focus of the hearing. *See Steere v. State*, 445 S.W.2d 253, 253 (Tex. App.—Houston [1st Dist.] 1969, writ dism'd).

feature of an amended motion distinguishes it from a supplemental motion, which is an addition rather than a replacement.[10] Because the amended motion superseded and supplanted the original motion,[11] the original motion could no longer be considered.[12] Thus, when the trial court denied the motion to suppress, the trial court denied the only pending motion—appellant's First Amended Motion to Suppress.[13] In that motion appellant raised the claim this court adjudicated on original submission. The trial court denied the motion at the suppression hearing during trial, before admitting the blood-alcohol evidence. Thus, appellant's objection was timely.

### *Adverse Ruling*

At the end of the suppression hearing, the trial court denied the pending motion to suppress, which was the amended motion, thus rejecting all grounds contained in that motion. Even though arguments at the hearing focused on another ground for suppression of the blood-alcohol evidence, appellant preserved error on all grounds contained in the amended motion, including the Fourth Amendment ground he now asserts on appeal. To preserve error, it was not

---

[10]A supplemental motion is an addendum to the original motion. *Cf.* Tex. R. Civ. P. 62–65. *See also* BLACK'S LAW DICTIONARY 1438, 1439 (6th ed. 1990) (defining "supplemental" as "That which is added to a thing to complete it," and noting that supplemental affidavits, answers, complaints, and pleadings, add to the original). But, an *amended* motion is a substitute—a replacement—for the original. *See Riney v. State,* 28 S.W.3d 561, 565–66 (Tex. Crim. App. 2000) (noting that once indictment was amended it became the "official" indictment in the case); *see also Eastep v. State*, 941 S.W.2d 130, 132–33 (Tex. Crim. App. 1997)(holding that, in the context of indictment, an amendment is an alteration to the face of the charging instrument which affects the substance of the charging instrument), *overruled on other grounds by Riney*, 28 S.W.3d at 561.

[11]*Steere*, 445 S.W.2d at 253; *cf. Herrera v. State*, 951 S.W.2d 197, 198–99 (Tex. App.—Corpus Christi 1997, no pet.).

[12]*Steere*, 445 S.W.2d at 253.

[13]*See id.*

necessary for appellant to argue that ground at the hearing.[14]  At the conclusion of the hearing, the trial court refused to suppress the evidence and denied the pending motion (First Amended Motion to Suppress) in its entirety.  Thus, appellant secured the requisite adverse ruling to preserve error.

### *Absence of Waiver*

Though a party moving to suppress evidence may waive a ground contained in the motion at the hearing on the motion, no such waiver occurred.  At the suppression hearing, appellant did not state or otherwise indicate that he was waiving or withdrawing his constitutional challenge to the blood-draw statute.  Nor did appellant state that he was urging only the grounds that he argued or mentioned at the suppression hearing.  The State did not object to appellant's amendment of the motion to suppress, nor did the State argue that the trial court should not consider appellant's constitutional challenge to the blood-draw statute.  Nor did the trial court refuse to consider it.

Though appellant did not devote argument to his constitutional challenge to the blood-draw statute in his oral presentation to the trial court, the evidence adduced at the suppression hearing included the following:

1. when asked to voluntarily provide a blood sample, appellant refused to do so;
2. Officer Hodges was required by the blood-draw statute to have a blood sample taken from appellant;
3. appellant was taken to a hospital emergency room where a blood sample was taken;
4. just before the blood draw, appellant stated that he wanted his attorney present during the blood draw; and

---

[14]*See Eisenhauer*, 754 S.W.2d at 160–61; *Cisneros*, 290 S.W.3d at 462–63; *Vicknair*, 670 S.W.2d at 288.

6

5. appellant was "uncooperative during the blood draw."[15]

During the suppression hearing, appellant's counsel stated that the prosecutor and he had agreed to first present evidence regarding the validity of the stop and then present evidence regarding other issues. After the parties each presented the validity-of-the-stop evidence, each side presented additional evidence, and appellant argued that one or more of his statements that the State wanted to use against him at trial were made after he requested a lawyer. No further evidence was presented. Near the end of the hearing, as the lunch break drew near, the trial court asked counsel if there was anything else "we need to talk about right now." Appellant's counsel responded "No, not here." To preserve error, however, appellant was not required to talk about his constitutional challenge to the blood-draw statute at the suppression hearing when appellant had presented the ground by means of his written motion to suppress.[16] Appellant's counsel did nothing at the suppression hearing sufficient to waive the challenge to the blood-draw statute contained in the amended motion.

## Disposition of the Appeal

On original submission, I concluded in a dissenting opinion that the

---

[15]At one point, appellant's counsel asked Officer Hodges how many people held appellant down during the blood draw, and Officer Hodges answered "three." Without striking the testimony, the trial court then stated "Let's not go there right now. I want to hear just Motion to Suppress issues." Appellant's counsel did not respond to this statement and continued his examination of the witness. It is not clear what the trial court meant by this comment. The trial court may have meant that the number of people who held appellant down while his blood was drawn over appellant's objection was not relevant to any issue in the amended motion to suppress, including the challenge to the mandatory blood-draw statute. Even presuming that the trial court was expressing a belief that there was no issue in the amended motion to suppress regarding the blood-draw statute, appellant's counsel never expressed any agreement with this belief.

[16]See Eisenhauer, 754 S.W.2d at 160–61; Cisneros, 290 S.W.3d at 462–63; Vicknair, 670 S.W.2d at 288.

warrantless blood draw did not violate appellant's right to be free from unreasonable searches and seizures because appellant impliedly consented to the blood draw under Texas Transportation Code section 724.012(b)(3)(B).[17] After this court issued its judgment, the Court of Criminal Appeals issued its opinion in *State v. Villarreal*.[18] In *Villarreal*, the high court held that implied consent under Texas Transportation Code section 724.012(b) "cannot substitute for the free and voluntary consent that the Fourth Amendment requires."[19] Since then, the Court of Criminal Appeals has granted the State's motion for rehearing in *Villarreal*, and ordered the case resubmitted so that the high court could consider the arguments presented by the State in its rehearing motion. To date, the Court of Criminal Appeals has not withdrawn or changed its opinion or judgment in *Villarreal*, nor has the court issued a new opinion or judgment. In this context, the Fourteenth Court of Appeals still is bound by the majority opinion in *Villareal*. Under that standing precedent, the trial court's judgment in the case under review must be reversed and the case remanded for a new trial.[20]

## Conclusion

The record shows that appellant made a timely, specific complaint that the warrantless drawing of his blood violated his Fourth Amendment right to be free from unreasonable searches and seizures, and secured an adverse ruling.

---

[17]*See Leal v. State*, 452 S.W.3d 14, 32–40 (Tex. App.—Houston [14th Dist.] 2014), *vacated*, 456 S.W.3d 567 (Tex. Crim. App. 2015).

[18]*See* —S.W.3d—, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted).

[19]*Id.* at *11.

[20]*See Villarreal,* —S.W.3d at —, 2014 WL 6734178 at *8–21; *State v. Tercero*, —S.W.3d—, —, 2015 WL 1544519, at *2–6 (Tex. App.—Houston [1st Dist.] Apr. 2, 2015, no pet. h.) (applying *Villarreal* as binding precedent after rehearing motion was granted by the Court of Criminal Appeals in *Villarreal*).

Appellant preserved error as to this complaint. Under binding precedent from the Court of Criminal Appeals, this court must conclude that appellant did not impliedly consent for Fourth Amendment purposes to the blood draw under Texas Transportation Code section 724.012(b)(3)(B) and that the warrantless blood draw violated appellant's Fourth Amendment rights. Thus, I respectfully concur in the court's judgment on remand.


/s/            Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown (Brown, J., majority).

Publish — TEX. R. APP. P. 47.2(b).