RECEIVED IN
COURT OF CRIMINAL APPEALS

November 18, 2015

ABEL ACOSTA, CLERK

PD-0143-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/16/2015 2:30:05 PM
Accepted 11/18/2015 12:46:11 PM
ABEL ACOSTA
CLERK

PD-0143-15

# IN THE COURT OF CRIMINAL APPEALS

## OF THE STATE OF TEXAS

THE STATE OF TEXAS, Appellant

v.

CYNTHIA AMBROSE, Appellee

Appeal from Bexar County

\*   \*   \*   \*   \*

**STATE'S PROSECUTING ATTORNEY'S
POST-SUBMISSION BRIEF AS AMICUS CURIAE**

\*   \*   \*   \*   \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

JOHN R. MESSINGER
Assistant State Prosecuting Attorney
Bar I.D. No. 24053705

P.O. Box 13046
Austin, Texas 78711
512-463-1660 (Telephone)
512-463-5724 (Fax)

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully submits its Post-submission Brief as Amicus Curiae.

## ARGUMENT AND AUTHORITIES

The court of appeals held that the trial court erred in granting appellee's motion for new trial because she did not suffer egregious harm from the absence of an accomplice witness instruction.[1] At oral argument in this Court, appellee made the point during rebuttal that egregious harm should not be required because the plain language of the Article 36.19 does not mention it. Appellee is correct. The statute states, in full:

> Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial.

Contrary to this Court's opinion in *Almanza v. State*, Article 36.19 is not "inherently ambiguous" or "a puzzling grammatical construction that yields no logical meaning, or any number of any meanings[,]" nor can it "be read dozens of times without

---

[1] *State v. Ambrose*, 457 S.W.3d 154, 162 (Tex. App.–San Antonio 2015).

1

revealing with certainty what the Legislature intended."[2]   Article 36.19 plainly 1)

defines error as the disregard of the four preceding articles which govern the creation

and execution of the charge, 2) prohibits reversal for errors that do not cause harm,

and 3) requires the defendant to object at trial.[3]

To appellee's point at argument, "egregious harm" does not appear in this

scheme.  In fact, it does not exist in any opinion from this Court prior to *Almanza*.

But it is necessary to appellee's argument because it is only through the creation of

the egregious harm standard that her complaint could be heard post-trial.

In *Almanza*, this Court ignored the plain language of the statute by

"conclud[ing] that Article 36.19 actually separately contains the standards for *both*

fundamental error and ordinary reversible error."[4]  This conclusion is the genesis of

"egregious harm":  "[I]f no proper objection was made at trial and the accused must

claim that the error was 'fundamental,' he will obtain a reversal only if the error is so

egregious and created such harm that he 'has not had a fair and impartial trial' -- in

---

[2]     686 S.W.2d 157, 166 (Tex. Crim. App. 1985).

[3]     Conspicuously absent from Article 36.19 is an allowance for objections made in motions for new trial, which was present in a predecessor (Article 723/743) but removed over 100 years ago. *Compare* Acts 1897, 25th Leg., ch. 21, p. 17 § 1 (". . . which error shall be excepted to at the time of the trial, or on a motion for a new trial.") *with* Acts 1913, 33rd Leg., ch. 138, p. 279, § 4 (". . . and all objections to the charge, and on account of refusal or modification of special charges shall be made at the time of the trial.").

[4]     *Almanza*, 686 S.W.2d at 171.

short 'egregious harm.'"[5] Thus, it is only by embracing fundamental error—and labeling the requisite harm "egregious"—that this Court held that an unobjected-to claim of charge error is not forfeited by inaction. Appellee's call for a return to the statute's plain language is inherently a call to undo *Almanza*'s central holding.

This should be considered. The application of the egregious harm standard to motions for new trial is merely one of the potential problems created by the erroneous interpretation of Article 36.19. Inconsistent treatment of the same claim under different names is another. In this case, for example, there was no "error" under *Almanza* unless there was no possible strategic reason not to request an accomplice witness instruction,[6] and no reversal unless appellee was deprived of a fair an impartial trial. The trial court granted a new trial for charge error yet found that counsel was not deficient and/or appellee was not prejudiced by the absence of the instruction. This should not be possible, and is further evidence of the confusion that persists surrounding *Almanza*.

---

[5]  *Id*.

[6]  When *Almanza* speaks of "erroneous" omissions of issues in the charge, it speaks, in part, of omissions upon which a trial court has a duty to instruct *sua sponte*. *Posey v. State*, 966 S.W.2d 57, 63-64 (Tex. Crim. App. 1998). While no such duty applies to potential defensive issues, which frequently depend upon trial strategy, *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007), this Court has rejected such a characterization of the accomplice-witness rule. *Zamora v. State*, 411 S.W.3d 504, 513-14 (Tex. Crim. App. 2013).

3

Since *Almanza*, this Court has created a very orderly preservation scheme,[7] emphasized its threshold nature, and raised it on its own motion when necessary.[8] Given appellee's arguments regarding the propriety of the prevailing interpretation of Article 36.19 and the collateral effect it has on preservation of charge claims, it is appropriate to order additional briefing so that these issues may be fully considered.

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas prays that this Court affirms the judgment of the Court of Appeals.

Respectfully submitted,

/s/ John R. Messinger

JOHN R. MESSINGER
Assistant State Prosecuting Attorney
Bar I.D. No. 24053705

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

---

[7] *See Saldano v. State*, 70 S.W.3d 873 (Tex. Crim. App. 2002) (calling *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), "a watershed decision in the law of error-preservation.").

[8] *See, e.g.*, *Leal v. State*, 456 S.W.3d 567, 568 (Tex. Crim. App. 2015) (granting review on its own motion, vacating the judgment of the court of appeals, and remanding the case to that court to address whether appellant preserved his claim).

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that according to the WordPerfect word count tool this document contains 1,158 words.

           /s/ John R. Messinger
John R. Messinger
Assistant State Prosecuting Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 16th day of October, 2016, a true and correct copy of the State's Post-submission Brief as Amicus Curiae has been eFiled or e-mailed to the following:

Dayna L. Jones
1800 McCullough Avenue
San Antonio, Texas 78212
daynaj33@gmail.com

S. Patrick Ballantyne
Assistant Criminal District Attorney
101 W. Nueva St., 7th floor
San Antonio, Texas 78205
sballantyne@bexar.org

           /s/ John R. Messinger
John R. Messinger
Assistant State Prosecuting Attorney